(843 P.2d 294)

No. 67,325

STATE OF KANSAS, *Appellant*, v. WALTER E. DAY, *Appellee*.

Opinion filed December 18, 1992.

*Thomas P. Alongi*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellant.

*Steven L. Opat*, of Harper, Hornbaker, Altenhofen & Opat, of Junction City, for the appellee.

Before BRAZIL, P.J., DAVIS, J., and BILL D. ROBINSON, JR., District Judge, assigned.

DAVIS, J.: The State appeals the dismissal of its petition alleging that Walter E. Day is a habitual violator.

The facts are not in dispute. Each of the three convictions used to support the petition for habitual violator satisfies K.S.A. 8-285(a)(2) and K.S.A. 8-285(a)(3). The problem arises in this case

because one of the convictions used in a prior habitual violator adjudication was used in this case to adjudicate defendant a habitual violator. The issue is whether the State may use evidence of a conviction from a previous habitual violator proceeding in another subsequent habitual violator proceeding.

The trial court answered the question in the negative and dismissed the petition based on its conclusion that the State is collaterally estopped from using the same conviction in two consecutive habitual violator proceedings and based on its determination of the legislative intent in K.S.A. 8-285. We reverse and remand for further proceedings.

## Collateral Estoppel

The doctrine of collateral estoppel or issue preclusion prevents the relitigation of issues conclusively determined in an earlier action. Issue preclusion may be asserted when a party can show that the issue was determined by a prior judgment on the merits, that the issue was actually determined and necessary to support the judgment, and that the parties are the same or in privity. *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988).

With respect to each conviction used to support a habitual violator proceeding, the court must determine whether the defendant is the same person named in the abstract of convictions and whether the conviction qualifies in character and time frame to classify the defendant as a habitual violator. The qualifying convictions, however, are in the nature of evidence providing the elements that support the ultimate issue to be decided—whether the defendant is a habitual violator. Defendant maintains the State is barred from using the same evidence in the form of one conviction to support separate claims. Collateral estoppel does not bar the use of evidence from a previous proceeding to support the ultimate issue to be decided in a subsequent legal proceeding.

The doctrine of claim preclusion, however, would bar the State from using the same three convictions to support consecutive habitual violator petitions. The State's claim in habitual violator cases is that three particular convictions warrant adjudicating the defendant to be a habitual violator. Once a court has determined a defendant's status as a result of those three particular convic-

tions, the State may not assert a second identical claim based on those same three convictions.

Here, however, the court is faced with a separate, distinct claim of whether the new mix of convictions, even though one of the convictions previously was used in an earlier habitual violator proceeding, is sufficient in character and time frame to classify the defendant as a habitual violator. This is an altogether different issue not subject to issue preclusion and an altogether different claim not barred by claim preclusion.

### Legislative Intent

The language used in K.S.A. 8-285 is clear and unambiguous. A "habitual violator" includes any person who, within the immediately preceding five years, has been convicted three or more times of certain offenses, including driving under the influence and driving while his or her license is revoked. K.S.A. 8-285(a)(2); K.S.A. 8-285(a)(3). The defendant had three such convictions in the five years immediately preceding the State's present habitual violator petition. The express provisions of the statute do not preclude consideration of an offense that was used to support a prior habitual violator determination.

When a court determines that a person is a habitual violator, the statute requires the court to revoke the person's driving privilege for three years. K.S.A. 8-286; K.S.A. 8-288. The legislature clearly intended to get dangerous drivers off the road. Indeed, the legislature articulated that intent in K.S.A. 8-284 when it declared the public policy of the state:

"(a) To provide maximum safety for all persons who . . . use the public highways . . .

(b) To deny the privilege of operating motor vehicles . . . to persons who . . . have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this state . . . and

(c) To discourage repetition of criminal acts . . . and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual violators."

We believe the legislature intended to allow the State to use the same conviction to support successive habitual violator petitions.

We reverse and remand for further proceedings consistent with this opinion.