(855 P.2d 498)

No. 68,765

STATE OF KANSAS, *Appellee,* v. RICHARD J. KOLDE, *Appellant.*

Opinion filed July 2, 1993.

*Donn J. Everett,* of Everett, Seaton, Miller & Bell, of Manhattan, for the appellant.

*Jeff Elder,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before LEWIS, P.J., LARSON and RULON, JJ.

LEWIS, J.: This is an appeal by the defendant from his adjudication as a habitual violator. Upon review, we affirm.

The trial court based its finding that the defendant was a habitual violator on three prior convictions for DUI within the past five years. These convictions and the dates on which they were obtained are as follows: (1) August 9, 1988—DUI—Pottawatomie County District Court; (2) September 6, 1990—DUI—in violation of Wamego City Ordinance 6-30; and (3) January 13, 1992—DUI—Pottawatomie County District Court.

On September 6, 1990, the defendant was convicted of what was apparently his second DUI conviction. However, in imposing sentence, the trial court stated that the conviction of September 6, 1990, "should be considered a first offense for driving while under the influence of alcohol."

The defendant cites the inconsistency in treating the September 6, 1990, conviction as a first conviction in the prior proceeding and as a second conviction in this proceeding as support for his argument. He argues that the court's prior finding that the conviction of September 6, 1990, was his first DUI conviction precludes any other finding in a subsequent action involving the same parties. The defendant submits that the doctrine of collateral estoppel estops the State from asserting, in the present action, that the September 6, 1990, conviction was the defendant's second conviction. We disagree.

"[C]ollateral estoppel . . . prevents relitigation in a different claim of issues conclusively determined in a prior action. [Citation omitted.] Under Kansas law, collateral estoppel may be invoked where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties *on the issue* based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. [Citation omitted.]" *Jackson Trak Group, Inc. v. Mid States Port Authority,* 242 Kan. 683, 690, 751 P.2d 122 (1988).

See *State v. Day,* 17 Kan. App. 2d 737, 738, 843 P.2d 294 (1992), *rev. denied* 252 Kan. 1093 (1993); and *State v. Parson,* 15 Kan. App. 2d 374, 808 P.2d 444 (1991).

In order for collateral estoppel to arise, the parties must be the same or in privity. In the 1990 DUI conviction, the plaintiff was the City of Wamego. In the present matter, the plaintiff is

the State of Kansas. It is obvious that the parties in these two actions are not precisely the same but, nevertheless, we conclude that the parties in both cases were in privity. In *State v. Parson,* 15 Kan. App. 2d at 379-80, two different "arms" of the State were involved in the same action. Despite this fact, we held that the two were arms of the same government and that privity existed. In this case, the City of Wamego and the State of Kansas are both "arms" of the government, and the defendant was the same individual in both actions. We conclude that there is privity of parties in the two prosecutions.

Despite the fact that privity exists in both actions, we are not convinced that the doctrine of collateral estoppel is applicable. Although the parties make several arguments, both pro and con, we think this case is controlled by the fact that the issues in this case are greatly dissimilar from the issues in the prior criminal action.

In a habitual violator action, the court must only determine that the defendant is the same person named in the abstract and that the prior convictions qualify in character and time frame to classify the defendant as a habitual violator. In simple terms, the issue as to the convictions in a habitual violator action is whether they are for DUI or an equivalent violation and whether they occurred within the past five years. *State v. Day,* 17 Kan. App. 2d at 738. There is no inquiry in a habitual violator action as to the constitutional infirmity of the prior convictions, and a collateral attack on a prior conviction is not permitted in a habitual violator action. *State v. Boos,* 232 Kan. 864, 872, 659 P.2d 224, *cert. denied* 462 U.S. 1136 (1983).

The action in which the defendant's conviction of September 6, 1990, was referred to as his "first DUI conviction" was a criminal case in which the issue was considered in the context of sentence enhancement. In this context, the convictions which are sought to be used to enhance the defendant's sentence are subject to collateral or constitutional attack. For instance, a prior conviction for DUI may be precluded from use to enhance a later sentence if certain constitutional irregularities are found. If a defendant had no counsel and no valid waiver of the right to counsel was obtained, then the prior DUI conviction could not be used to enhance a subsequent sentence. In this context, if

the defendant's prior conviction was constitutionally impaired, then the current conviction must be considered as his first conviction for sentencing purposes. The same logic and legal precepts do not apply in habitual violator cases, and the doctrine of collateral estoppel cannot be invoked to force the same application in both actions.

An action to determine habitual violator status is a civil action pursuant to K.S.A. 8-286. That statute does not create a new crime, but rather provides for a determination of a driver's status. *State v. Boos,* 232 Kan. at 872. As pointed out, our Supreme Court in *Boos* held that a prior uncounseled DUI conviction was available for use in determining the defendant's status as a habitual violator. This is a clear example of an action in which a current conviction may have been considered a first conviction for sentencing purposes but a second conviction for habitual violator purposes. The merits of a habitual violator action are different from the merits of whether a sentence may be enhanced by use of prior convictions.

The fact is, the conviction of August 9, 1988, was subject to collateral attack in the process of enhancing sentence. It is perfectly logical that this conviction could be precluded from use in the criminal action and yet validly be used to determine habitual violator status. Thus, in the prior criminal case, the conviction of September 6, 1990, could properly be determined to be the defendant's first DUI conviction for the purposes of sentencing in that case. In the instant matter, the issues are not the same, and that same conviction can be considered conviction number two here while, at the same time, being held to be only conviction number one in the prior criminal action. The difference in the issues involved in the two actions makes this result possible. It also precludes estoppel under the theory of collateral estoppel.

We hold that the issues involved in determining the status of a conviction for sentencing purposes and for habitual violator purposes are greatly different. A decision that a conviction is conviction number one for sentencing purposes is not a decision on the merits of how many convictions an individual has in a habitual violator action. The same issues were neither presented nor determined in the prior criminal action. The only issues in this case are whether the conviction was for DUI and whether

it occurred in the past five years. In the prior criminal prosecution, one of those three convictions could be collaterally attacked and precluded from use in that action. Such a decision in the prior criminal action does not give rise to collateral estoppel in a subsequent civil habitual violator action. The decision of the trial court on the number of convictions available to be used to enhance sentence in a criminal action is not a decision on the merits of the number of convictions a defendant has which are available for use in proving his habitual violator status. The trial court did not err in holding that the doctrine of collateral estoppel did not apply.

Affirmed.