STATE OF NORTH CAROLINA v. JAMES A. O'ROURKE

No. 9310SC549

(Filed 19 April 1994)

**1. Evidence and Witnesses § 1811 (NCI4th)— driving while impaired—refusal to submit to chemical analysis—admissible**

The trial court did not err in a prosecution for driving while impaired by not granting defendant's motion *in limine* to exclude evidence of defendant's refusal to submit to a chemical analysis where DMV had rescinded defendant's license revocation after a hearing. Rescission of a revocation is provided on any one of five grounds, including that petitioner did not willfully refuse to submit to a chemical analysis, and the record does not reveal which of the five grounds DMV relied upon.

STATE v. O'ROURKE

[114 N.C. App. 435 (1994)]

Even assuming that DMV found that defendant did not willfully refuse, the decision by DMV to rescind the revocation was independent of and inconsequential to defendant's criminal trial for DWI. N.C.G.S. § 20-16.2(d); N.C.G.S. § 20-139.1(f).

**Am Jur 2d, Automobiles and Highway Traffic § 379.**

**Admissibility in criminal case of evidence that accused refused to take test of intoxication. 26 ALR4th 1112.**

2. **Judgments § 237 (NCI4th)— driving while impaired—refusal to submit to chemical analysis—DMV conclusion that refusal not willful—no collateral estoppel**

The trial court did not err in a prosecution for driving while impaired by denying defendant's motion *in limine* to exclude evidence relating to defendant's refusal to submit to a chemical analysis where DMV had concluded that defendant did not willfully refuse and defendant argued that the doctrine of collateral estoppel barred the State from introducing the refusal in his trial. The parties at issue are the Commissioner of Motor Vehicles, the district attorney, and the defendant; in addition to the separate interests involved, it is important to note that the district attorney had no role in the administrative proceeding and therefore was not fully protected in that proceeding. The requirement of privity cannot be satisfied and collateral estoppel does not apply.

**Am Jur 2d, Judgments § 578.**

3. **Automobiles and Other Vehicles § 845 (NCI4th)— driving while impaired—evidence sufficient**

The evidence was sufficient to support a conviction for driving while impaired, and the trial court did not err by denying defendant's motion to dismiss, where the evidence tended to show that defendant drank three glasses of wine over a period of approximately four hours at a retirement dinner and began driving toward Research Triangle Park; a Trooper observed defendant weave in his lane of travel five to seven times over a distance of one to three miles; the Trooper testified that he smelled a strong odor of alcohol about defendant's person and observed that defendant was unsteady on his feet when he got out of the car; when they arrived at the Public Safety Center, defendant wobbled but did not fall on the one-leg-stand test; did not walk heel-to-toe

STATE v. O'ROURKE

[114 N.C. App. 435 (1994)]

as instructed; swayed slightly on the sway test; missed his nose on the finger-to-nose test; the Trooper was of the opinion that defendant was appreciably impaired; and the chemical analyst testified that he detected a moderate amount of alcohol about defendant's person and defendant's eyes were red, his face was flushed, and he was thick-tongued.

**Am Jur 2d, Automobiles and Highway Traffic §§ 375-380.**

4. **Automobiles and Other Vehicles § 852 (NCI4th) — driving while impaired — submission on two theories — error**

The trial court erred in a driving while impaired prosecution by instructing the jury that it could find defendant guilty on the theory that there was an appreciable impairment of defendant's bodily or mental faculties or that defendant had an alcohol concentration of .10 or more grams of alcohol per 210 liters of breath where there was no evidence whatever regarding defendant's blood alcohol level, as defendant had refused to submit to a chemical analysis, and the jury returned a general verdict of guilty without specifying the theories upon which it relied. Where the trial court instructs on alternative theories, one of which is not supported by the evidence, and it cannot be discerned from the record upon which theory the jury relied in arriving at its verdict, the error entitles the defendant to a new trial.

**Am Jur 2d, Automobiles and Highway Traffic §§ 296-310.**

Appeal by defendant from judgment suspending sentence entered 10 March 1993 by Judge J.B. Allen, Jr. in Wake County Superior Court. Heard in the Court of Appeals 1 March 1994.

*Michael F. Easley, Attorney General, by Isaac T. Avery, III, Special Deputy Attorney General, and Robert T. Hargett, Assistant Attorney General, for the State.*

*Bass, Bryant & Moore, by John Walter Bryant and John K. Fanney, for defendant.*

LEWIS, Judge.

Defendant appeals from a conviction of driving while impaired ("DWI"). Defendant was arrested on 28 August 1992, and he refused to submit to a chemical analysis test known as a "breathalyzer".

On 10 September, defendant was notified that his North Carolina driving privilege would be revoked. Defendant then requested a revocation hearing before the Division of Motor Vehicles ("DMV"), pursuant to N.C.G.S. § 20-16.2(d) (1993). The hearing was held in December of 1992. After the hearing, DMV rescinded defendant's revocation. On 10 March 1993, defendant's jury trial on the DWI charge commenced in Wake County Superior Court. The jury returned a verdict of guilty, and the trial court entered judgment suspending sentence.

[1] Defendant's first argument on appeal is that the trial court erred in not granting his motion *in limine* to exclude evidence of his refusal to submit to a chemical analysis. Defendant argues that DMV concluded that he did not willfully refuse to submit and that the decision of DMV is binding on the trial court. We note that the only evidence of such a conclusion by DMV is defendant's testimony at trial. Section 20-16.2(d) provides for the rescission of a revocation on any one of five grounds, one of those being that the petitioner did not willfully refuse to submit to a chemical analysis. The record does not reveal which of the five grounds DMV relied on to rescind the revocation. However, even assuming that DMV found that defendant did not willfully refuse, the trial court did not err in admitting the State's evidence of defendant's refusal.

N.C.G.S. § 20-139.1(f) (1993) provides that evidence of a defendant's refusal to submit to a chemical analysis is admissible against him in a DWI prosecution. Defendant first argues that section 20-16.2 provides for the final determination of whether a person willfully refused to submit and that this determination by DMV precludes the State from offering evidence of a refusal at a subsequent criminal trial.

In *Joyner v. Garrett*, 279 N.C. 226, 182 S.E.2d 553 (1971), the defendant was convicted of driving under the influence. The trial court revoked his driver's license for one year with limited driving privileges. Because the defendant had willfully refused to submit to a chemical analysis, DMV notified him that his driver's license would be revoked for sixty days. DMV's decision was sustained by a hearing officer and by the superior court. The defendant appealed the superior court's ruling, arguing that the revocation of his driver's license by the trial court in his criminal case constituted his "full penalty" and he was, thus, exempted from the

mandatory sixty-day revocation for willful refusal. In rejecting the defendant's argument, the Supreme Court held:

'It is well established that the same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime has been committed. Each action proceeds independently of the other, and the outcome of one is of no consequence to the other.'

*Id.* at 238, 182 S.E.2d at 562 (quoting *Ziemba v. Johns*, 163 N.W.2d 780, 781 (Neb. 1968)).

We find the Court's reasoning in *Joyner* applicable to the instant case. The decision by DMV to rescind the revocation of defendant's driver's license was independent of, and inconsequential to, defendant's criminal trial for DWI.

[2] Defendant next argues that the doctrine of collateral estoppel barred the State from introducing evidence of his refusal to submit to a chemical analysis, after DMV had concluded that defendant did not willfully refuse. This is apparently an issue of first impression in this state.

The doctrine of collateral estoppel provides that a party will be estopped from relitigating an issue where 1) the issue has been necessarily determined previously and 2) the parties to that prior action are identical to, or in privity with, the parties in the instant action. *County of Rutherford ex rel. Hedrick v. Whitener*, 100 N.C. App. 70, 75, 394 S.E.2d 263, 265 (1990).

As to the first requirement, we again note that the only evidence supporting defendant's contention that DMV found that he did not willfully refuse to submit is defendant's own testimony. However, even assuming that defendant has satisfied the first requirement, we conclude that the privity requirement has not been met.

This Court, in *Whitener*, explored the privity requirement of collateral estoppel. The Court stated that privity exists where one party is so identified in interest with the other that it represents the same legal right as the other. *Id.* at 76, 394 S.E.2d at 266. However, privity is not established from the mere fact that two

parties may happen to be interested in the same question or in proving the same facts. *Id.* Further, a party should be estopped from contesting an issue only where that party was fully protected in the earlier proceeding. *Id.*

In the instant case, the parties at issue are the Commissioner of Motor Vehicles, the District Attorney, and the defendant. Defendant contends that because both the Commissioner and the District Attorney represent the rights of the State, privity exists. We disagree, and we find instructive the analysis of the Appellate Court of Connecticut, which recently addressed the precise issue now before us in *State v. Barlow*, 618 A.2d 579 (Conn. App. Ct. 1993).

In that case, the court held that there was no privity. The court reasoned that the purpose of the administrative proceeding is to enforce licensing requirements within the state, while the District Attorney's interest is in having guilt beyond a reasonable doubt or innocence determined under the criminal law. *Id.* at 581. Further, the District Attorney represents the broader public interest in the effective administration of criminal justice. *Id.* The administrative decision did not address the broader questions of criminal guilt, nor did the Commissioner represent the public interest in the effective administration of criminal justice. *Id.* Rather, the administrative proceeding focused only on the issue of licensing. Thus, the court concluded, the Commissioner and the District Attorney were not in privity. *Id.*

In addition to the separate interests involved, it is important to note that in the instant case, the District Attorney had no role in the administrative proceeding and, therefore, was not "fully protected" in that proceeding. *See Whitener*, 100 N.C. App. at 76, 394 S.E.2d at 266. We conclude that the requirement of privity cannot be satisfied in the present case, and, therefore, the doctrine of collateral estoppel does not apply to the issue of defendant's willful refusal to submit to a chemical analysis.

Thus, the trial court did not err in denying defendant's motion *in limine* to exclude evidence relating to defendant's refusal. Evidence of a refusal is admissible in a defendant's DWI trial. § 20-139.1(f). Likewise, the defendant may introduce evidence that he did not refuse to submit. However, neither the State nor the defendant can introduce the conclusions of DMV on this issue, as it is the province of the jury to decide disputed questions of fact.

[3] Defendant's next argument on appeal is that the trial court erred in denying his motions to dismiss, because the evidence was insufficient as a matter of law to support all the elements necessary for a conviction. Defendant argues that the State failed to prove that defendant was under the influence of an impairing substance while driving.

In ruling on a motion to dismiss for insufficiency of evidence, the evidence must be viewed in the light most favorable to the State, and the State must be afforded every reasonable inference arising from the evidence. The credibility of the witnesses and the weight to be given their testimony is for the jury to determine. The question for the court is whether there is substantial evidence of each element of the crime charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Mooneyhan*, 104 N.C. App. 477, 481, 409 S.E.2d 700, 703 (1991).

In the present case, the evidence by the defendant tended to show that on the evening of 28 August 1992 defendant, while attending a retirement dinner in Raleigh, drank three glasses of wine over a period of approximately four hours. After the dinner, defendant began driving toward Research Triangle Park. Trooper Anthony Farmer observed defendant weave in his lane of travel five to seven times over a distance of one to three miles. Trooper Farmer testified that when he pulled defendant over, he smelled a strong odor of alcohol about defendant's person, and observed that defendant was unsteady on his feet when he got out of the car. After questioning defendant, Trooper Farmer placed him under arrest. When they arrived at the Public Safety Center, Trooper Farmer asked defendant to perform various psycho-physical tests. On the one-leg-stand test, defendant wobbled, but did not fall. On the walk-and-turn test, defendant did not walk heel-to-toe as instructed. On the sway test, defendant swayed slightly. On the finger-to-nose test, defendant missed his nose, touching his upper lip instead. Trooper Farmer was of the opinion that defendant was appreciably impaired. The chemical analyst testified that he detected a moderate amount of alcohol about defendant's person and that defendant's eyes were red, his face was flushed, and he was thick-tongued. This evidence was sufficient to support the conviction.

[4] Defendant next contends that the trial court erred in instructing the jury that it could find defendant guilty on either or both

of two theories: 1) that there was an appreciable impairment of defendant's bodily or mental faculties or 2) that at any relevant time after driving, defendant had an alcohol concentration of .10 or more grams of alcohol per 210 liters of breath. We find merit in this contention.

At trial, there was no evidence whatever regarding defendant's blood alcohol level, as defendant had refused to submit to a chemical analysis and neither a blood test nor any other test was done. The jury returned a general verdict of guilty, without specifying upon which of the above theories it relied. This was error.

Where the trial court instructs on alternative theories, one of which is not supported by the evidence, and it cannot be discerned from the record upon which theory the jury relied in arriving at its verdict, the error entitles the defendant to a new trial. *State v. Lynch*, 327 N.C. 210, 219, 393 S.E.2d 811, 816 (1990). Thus, defendant must be afforded a new trial. We need not address defendant's remaining argument, as it is not likely to recur at retrial.

For the reasons stated, defendant must have a new trial.

New trial.

Chief Judge ARNOLD and Judge COZORT concur.