(913 P.2d 227)

No. 74,647

CITY OF MANHATTAN, *Appellant*, v. CHRISTINE M. HUNCOVSKY, *Appellee*.

Opinion filed March 22, 1996.

*Kurt D. Maahs*, of Morrison, Frost & Olsen, of Manhattan, for the appellant.

*Ted E. Smith*, of Myers, Pottroff & Ball, of Manhattan, for the appellee.

Before BRAZIL, C.J., LEWIS, J., and TOM MALONE, District Judge, assigned.

MALONE, J.: The City of Manhattan (City) brings this interlocutory appeal of the district court's order suppressing the results of a breathalyzer test in a DUI prosecution. The test results had previously been found to be unreliable by an administrative hearing

officer at a driver's license suspension hearing. The district court ruled that the doctrine of collateral estoppel prevented reconsideration of the validity of the breath test results and suppressed the evidence solely on this ground. The issue on appeal is whether collateral estoppel should apply to an administrative driver's license suspension hearing in order to bar relitigation of issues in a subsequent criminal proceeding. This is an issue of first impression in Kansas.

On November 2, 1994, the City charged Christine Huncovsky with driving under the influence of alcohol. An Intoxilyzer 5000 breath test registered Huncovsky's blood alcohol level at .135. On January 11, 1995, the municipal court found Huncovsky guilty of DUI. Huncovsky appealed her conviction to the district court.

Meanwhile, on December 20, 1994, the Kansas Department of Revenue (KDR) instituted an administrative driver's license suspension proceeding. The matter was continued until February 27, 1995, when the hearing officer concluded there was a significant probability that interferants had contaminated the breathalyzer test. The hearing officer dismissed the license suspension proceeding due to the questionable validity of the Intoxilyzer 5000 test results. Neither party appealed the administrative ruling.

In the criminal proceedings at the district court level, Huncovsky filed a motion to suppress the breathalyzer test results. Huncovsky contended that collateral estoppel prevented reconsideration of the validity of the breath test results. The district court agreed and suppressed the evidence. The City filed this appeal.

We must first examine whether all the elements of collateral estoppel are met under the facts of this case.

"Under Kansas law, collateral estoppel *may* be invoked where the following is shown: (1) a prior judgment [must have been entered] on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment. [Citation omitted.]" (Emphasis added.) *Jackson Trak Group, Inc. v. Mid States Port Authority*, 242 Kan. 683, 690, 751 P.2d 122 (1988).

The City argues that the elements of collateral estoppel are not met in the instant case. Whether the elements of collateral estoppel

exist and whether the doctrine should be applied in a given situation are questions of law over which this court exercises unlimited review. See, *e.g.*, *Jackson Trak Group, Inc.*, 242 Kan. at 690-92; *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

First, the City contends that because the administrative ruling occurred after the municipal court conviction, the administrative ruling was not a *prior* judgment. The City argues that a district court does not acquire original jurisdiction over a municipal court appeal, but rather takes the matter merely as an appealed case. The City concludes that because the district court proceeding is an appeal, only a judgment that existed when the municipal court proceeding was initiated can be used for collateral estoppel purposes.

The City's contention is unpersuasive. Kansas law mandates a trial de novo at the district court level in a criminal case. K.S.A. 22-3610(a). The district court's de novo review encompasses a new trial of the action and is not limited to evidence and arguments raised at the municipal court level. See *Reddington v. Rank*, 176 Kan. 484, 271 P.2d 807 (1954). Thus, in the present case, it seems irrelevant whether the administrative ruling occurred before or after the municipal court proceeding. Logically, the prior judgment requirement means that for collateral estoppel to apply, the judgment must have occurred earlier in time than the attempted relitigation of an issue. In this case, it is clear that the administrative ruling constitutes a prior judgment which the district court could properly consider.

The City next argues that privity does not exist between the KDR and the City. " 'There is no generally prevailing definition of "privity" which can be automatically applied to all cases. A determination of the question as to who are privies requires careful examination into the circumstances of each case as it arises.' " *In re Estate of Beason*, 248 Kan. 803, 813, 811 P.2d 848 (1991) (quoting *Goetz v. Board of Trustees*, 203 Kan. 340, 350-51, 454 P.2d 481 [1969]).

In *State v. Parson*, 15 Kan. App. 2d 374, 379, 808 P.2d 444 (1991), this court noted that agents of the same government are in privity with each other because they represent not their own rights

but the rights of the government. The *Parson* court held that parties which are "arms of the same governmental body" are in privity with one another. 15 Kan. App. 2d at 379-80.

In *State v. Kolde*, 18 Kan. App. 2d 525, 855 P.2d 498, *rev. denied* 253 Kan. 862 (1993), this court applied the "arms of the same government" rule to a situation similar to the case at bar. In *Kolde*, this court upheld the application of collateral estoppel in a civil habitual violator action brought by the State of Kansas. The prior judgment came from a DUI conviction wherein the plaintiff was the City of Wamego. The *Kolde* court held that although the parties in the two actions were not precisely the same, they were nevertheless both arms of the government, and the parties were in privity for the purposes of collateral estoppel. 18 Kan. App. 2d at 526-27.

The City attempts to distinguish *Kolde* by arguing that in *Kolde*, both the State and the City of Wamego were part of the criminal justice system, while in the present case, the KDR is not part of the criminal justice system. However, in *Kolde*, the State brought a habitual violator action, which is civil in nature. Thus, contrary to the City's assertion, the State in *Kolde* was not acting as part of the criminal justice system.

The City argues that because the interests of the parties differ, privity should not exist. It points out that the KDR's interest is in enforcing licensing requirements, while the City's interest is in the effective administration of criminal justice. The City cites *State v. O'Rourke*, 114 N.C. App. 435, 442 S.E.2d 137 (1994), in support of its contention. In *O'Rourke*, the North Carolina Court of Appeals held that privity could not be established because of the different purposes behind administrative driver's license revocation actions and criminal DUI actions. 114 N.C. App. at 440.

We find the rationale behind the *O'Rourke* decision unpersuasive. Both the criminal DUI statute and the administrative driver's license suspension statute act to remove unsafe drivers from the roads. While the two actions take different forms, they share a common purpose of maintaining safe roadways. In that respect, the actions have a common interest, and it seems reasonable to conclude that the parties in each action (the KDR and the City) are in privity.

For its next argument, the City asserts that the issue determined at the administrative hearing was not the same question presented to the district court. The City contends that the administrative hearing officer did not decide whether the Intoxilyzer 5000 test results were admissible in a criminal prosecution, but rather only decided whether the license suspension proceeding should be dismissed.

Consideration of this issue is hampered by the fact that the appellate record contains no documentation from the administrative hearing. As a result, this court cannot discern what the administrative hearing officer actually decided. " 'An appellant has the burden of furnishing a record which affirmatively shows that prejudicial error occurred in the trial court.' " *State v. Richardson*, 256 Kan. 69, 84, 883 P.2d 1107 (1994). In any event, K.S.A. 1995 Supp. 8-1002(h)(2)(D) and (F) mandate that the scope of a license suspension hearing shall include a determination of whether the testing equipment and procedures used were reliable. Thus, it appears that the same issue of the reliability of the breath test was before both the administrative hearing officer and the district court.

Finally, the City argues that the reliability issue was not fully litigated at the administrative hearing because the KDR was not represented by an attorney at the hearing. Again, without the record of the administrative hearing, this court cannot properly address the City's claim of error. In terms of reviewing whether the elements of collateral estoppel are met, we cannot say in this instance that the hearing officer's determination was hampered because the KDR was not represented by an attorney at the administrative hearing.

Based upon the record before us, we believe that the defendant makes a persuasive argument that all of the elements of collateral estoppel are met under the facts of this case. However, we make no final determination of this issue. The City argues that even if the elements of collateral estoppel are met, a new determination of the issue of the reliability of the breath test was warranted in district court by the differences in the quality and extensiveness of the procedures followed in the administrative hearing and in the

district court. We believe this argument is meritorious and controls the outcome of this case.

The City's argument is based upon Restatement (Second) of Judgments § 28 (1980), which provides:

"Exceptions to the General Rule of Issue Preclusion

"Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . .

"(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts . . . ."

Further, comment d to Restatement (Second) of Judgments § 28 states that a compelling reason why issue preclusion should not apply exists where the procedures available in one court are tailored to the prompt, inexpensive determination of small claims, because the procedures may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim.

Although no Kansas court has addressed this issue, other jurisdictions in similar cases have concluded that a disparity in the quality and extensiveness of procedures justifies an exception to the general rule of collateral estoppel. In *State v. Ratliff*, 304 Or. 254, 744 P.2d 247 (1987), the Oregon Supreme Court held that the limited procedures of an administrative driver's license suspension hearing provided an inadequate basis to justify giving preclusive effect to the decisions of hearing officers. 304 Or. at 258-60. The *Ratliff* court also noted a public policy rationale for its decision and reasoned that applying collateral estoppel would subvert the legislative intent of expedited, informal administrative hearings by giving the State incentive to fully litigate the matter at the administrative level in order to protect its position at the criminal level. 304 Or. at 260. Other courts that have reached similar holdings include *Williamsen v. People*, 735 P.2d 176 (Colo. 1987); *State v. Gusman*, 125 Idaho 810, 874 P.2d 1117 (Ct. App. 1993), *aff'd* 125 Idaho 805, 874 P.2d 1112 (1994); and *People v. Moore*, 138 Ill. 2d 162, 561 N.E.2d 648 (1990).

We find the reasoning of the court in *Ratliff* to be applicable to administrative driver's license suspension hearing procedures in Kansas. Although we have no record of the administrative hearing in this case, Kansas law provides some guidance to the procedures which are normally utilized in an administrative driver's license suspension hearing. K.S.A. 1995 Supp. 8-1002 provides that whenever a breath test is failed or refused, the individual can request a hearing by a written request mailed within 10 days of the notice of license suspension, and the individual may subpoena witnesses. See K.S.A. 1995 Supp. 8-1002(g). The hearing must be held within 30 days of the request. K.S.A. 1995 Supp. 8-1002(k). At the hearing, an affidavit is sufficient to establish that on the date of the test, the breath testing equipment and operator were certified, and if a blood alcohol test is performed, a copy of the lab report is admissible. See K.S.A. 1995 Supp. 8-1002(i), (j). The hearing officer may issue subpoenas for the attendance of witnesses and the production of relevant books and papers, and he or she may require an examination or reexamination of the person involved. K.S.A. 1995 Supp. 8-255(d), (e).

Analysis of the license suspension hearing procedures reveals a somewhat limited proceeding likely designed for speedy determination of an individual's driver's license status. The administrative proceeding is unrelated to any criminal action which may be filed and, in any event, the criminal prosecutor does not receive notice of the administrative hearing. The only persons required to be present by statute are the driver and the hearing officer and, of course, the arresting officer must be subpoenaed. Affidavits can be used in place of live testimony. The hearing is informal, and the procedures are substantially less stringent than those utilized in an adversarial criminal proceeding. As a result, the administrative hearing procedures are inappropriate to the determination of the same issues when presented in a criminal proceeding and, thus, the application of collateral estoppel is unwarranted. Further, giving conclusive effect to administrative rulings would likely undermine the swiftness of the license suspension action by creating incentive for the State to fully litigate issues at the administrative level.

Finally, in *State v. Mertz*, 258 Kan. 745, 907 P.2d 847 (1995), the Kansas Supreme Court held that a driver's license suspension sanction imposed at an administrative hearing does not bar a subsequent criminal prosecution for DUI on the grounds of double jeopardy. In reaching this decision, the court relied in part on the analysis that the driver's license suspension sanction is remedial in nature and one of the purposes is to quickly remove dangerous drivers from the street. Although the issue before us is different than the issue in *Mertz*, we find that the same analysis can be applied to support a conclusion that collateral estoppel should not apply to an administrative driver's license suspension hearing, even if the elements of collateral estoppel are technically met.

Accordingly, we hold that the doctrine of collateral estoppel should not apply to an administrative driver's license suspension hearing in order to bar relitigation of issues in a subsequent criminal proceeding. Therefore, the district court erred in suppressing the evidence solely on the grounds of collateral estoppel.

Reversed and remanded for further proceedings.