(925 P.2d 843)

No. 76,662

STATE OF KANSAS, *Appellant*, v. TOM J. DEWEY, *Appellee*.

Opinion filed October 25, 1996.

*H. Scott Beims*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Michael S. Holland*, of Russell, for appellee.

Before GERNON, P.J., WAHL, S.J., and DAVID W. KENNEDY, District Judge, assigned.

WAHL, J.: The State brings this interlocutory appeal from the district court's order suppressing evidence from a blood alcohol test based on collateral estoppel.

Tom Dewey was arrested on suspicion of driving under the influence on May 28, 1995. He consented to a blood alcohol test. The Kansas Department of Revenue (KDR) held an administrative hearing on August 18, 1995, to determine whether Dewey's driver's license should be suspended for test failure. The hearing officer dismissed the case because "Atwood Lab did test [and] there is no proof that they are certified to do so."

Before criminal proceedings at the district court level, Dewey brought a motion in limine to suppress results of the blood alcohol

test. The court granted Dewey's motion based on collateral estoppel. The State brings this interlocutory appeal.

The basis of Dewey's arguments is his contention that this court's decision in *City of Manhattan v. Huncovsky,* 22 Kan. App. 2d 189, 913 P.2d 227, *rev. denied* 260 Kan. 992 (1996), was wrong. The State simply argues that *Huncovsky* controls. Dewey's arguments raise questions of law, and this court's review is unlimited. See *Gillespie v. Seymour,* 250 Kan. 123, 129, 823 P.2d 782 (1991).

Dewey attempts to distinguish the facts in the present case from those in *Huncovsky* and to show the error in this court's reasoning by raising essentially three arguments: (1) The issue being litigated in *Huncovsky* was different from the issue in this case, (2) there are not differences in quality or extensiveness in the procedures between the two courts, and (3) case law supports a holding that collateral estoppel should apply to administrative proceedings.

In *Huncovsky,* a municipal court convicted the defendant of driving under the influence, and the defendant appealed to the district court. After the municipal court proceedings, but before the district court trial, KDR held an administrative driver's license suspension proceeding. The hearing officer concluded interferants created questionable Intoxilyzer 5000 test results and dismissed the proceeding. When the district court criminal proceedings started, the defendant argued the district court was collaterally estopped from reconsidering the validity of the breath test results. The district court agreed.

On an interlocutory appeal, this court ruled that under the facts of the case, the elements of collateral estoppel were met. However, this court found the difference in the quality and extensiveness of the proceedings between the administrative driver's license suspension hearings and criminal proceedings in district court warranted an exception. 22 Kan. App. 2d at 193-94. This court held that "the doctrine of collateral estoppel should not apply to an administrative driver's license suspension hearing in order to bar relitigation of issues in a subsequent criminal proceeding." 22 Kan. App. 2d at 196.

First, Dewey would distinguish his case from *Huncovsky* because the issues litigated were different. Dewey argues this case

concerns proper foundation, a question of law, while *Huncovsky* deals with a question of fact, whether interferants contaminated the breath test. Dewey contorts the issues. Both cases deal with the admissibility of tests—a breath test and a blood alcohol test. The issues are the same. Whether an adequate foundation was laid for admissibility is a question of fact for the trial judge. See *State v. Rohr*, 19 Kan. App. 2d 869, 870, 878 P.2d 221 (1994). In both cases, the issue on appeal is whether admissibility decisions at an administrative driver's license hearing have preclusive effect in a subsequent criminal proceeding.

Second, Dewey raises several points to prove the quality and extensiveness of the proceedings at the administrative driver's license hearing and district court criminal proceedings are the same. He argues that when both courts admit evidence, the procedure concerning admissibility is the same. He then claims the only difference is that the defendant has the burden of proof to keep the evidence out at the administrative hearing whereas the State has the burden of proof to bring the evidence in at the criminal trial. Dewey's own argument defeats a showing of sameness of the quality of proceedings. The required burden of proof creates a significant difference in the proceedings.

Dewey contends the court in *Huncovsky* erred in reasoning that administrative proceedings were geared toward a swift resolution. He claims the court's conclusion that the administrative hearing must be held within 30 days of request was error and that KDR may "arbitrarily" continue the hearings. Further delays can occur because determinations may be appealed. The court in *Huncovsky* did not err. K.S.A. 1995 Supp. 8-1002(k) provides that if a request for a hearing is made, the hearing "shall" be held within 30 days. If unable to hold the hearing within that time frame, KDR has discretion to postpone the date of the hearing. Dewey is speculating as to whether this frequently occurs, and he certainly has no basis for stating it is done "arbitrarily." Regarding delays caused by appeals, Dewey ignores a concern expressed in *Huncovsky*. There, the court was concerned that giving conclusive effect to the administrative hearing would undermine any quick resolution of

these cases by creating incentives for the State to fully litigate these issues. 22 Kan. App. 2d at 195.

Dewey further argues that the court in *Huncovsky* erred when it reasoned that administrative driver's license proceedings were more informal and less stringent than criminal proceedings in district court. In support, he claims rules of evidence are strictly enforced. It is apparent that KDR strictly abides by rules of evidence when admitting breath and blood alcohol test results. Dewey focuses on but one aspect of the administrative proceedings. The court in *Huncovsky* more broadly compared the two courts when it stated:

"The administrative proceeding is unrelated to any criminal action which may be filed and, in any event, the criminal prosecutor does not receive notice of the administrative hearing. The only persons required to be present by statute are the driver and the hearing officer and, of course, the arresting officer must be subpoenaed. Affidavits can be used in place of live testimony. The hearing is informal, and the procedures are substantially less stringent than those utilized in an adversarial criminal proceeding." 22 Kan. App. 2d at 195.

Dewey does not show that the administrative proceedings are of a like quality and extensiveness as a district court criminal proceeding. By their purpose and, thus, their nature, administrative hearings are more concerned with expedition than with intensive consideration.

Third, Dewey claims case law supports a holding that collateral estoppel applies to issues decided at an administrative driver's license hearing. Dewey cites *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, 851 P.2d 1385, *rev. denied* 253 Kan. 864 (1993). In *Zurawski*, KDR appealed the decision of the district court reversing the suspension of a driver's license. The district court considered two letters from Zurawski's doctor which were admitted at the administrative hearing. On appeal, KDR argued the letters were inappropriately admitted into evidence. This court held that since KDR did not object at the administrative hearing, the issue was not preserved on appeal. 18 Kan. App. 2d at 330. Dewey here argues KDR was bound on appeal and, therefore, collateral estoppel should bind the State in this case. Dewey ignores the reasoning in *Huncovsky* in allowing an exception to the

application of collateral estoppel—that the administrative proceeding is unrelated to the criminal action and that the quality and extensiveness of the proceedings differ. In *Zurawski*, the administrative action was the same proceeding on appeal. The holding in *Huncovsky* does not apply to the circumstances in *Zurawski*.

Dewey also refers to *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 863 P.2d 364 (1993). In *Dickerson*, the court applied collateral estoppel to a plea bargain in criminal proceedings to later efforts by KDR to impose a drug tax. 253 Kan. at 850-52. Dewey argues that if KDR is bound by a question of law, then all parties should be bound. Dewey ignores the fact that a more extensive criminal proceeding would have binding effect on a less extensive administrative proceeding but not the other way around. Any generalizations from *Dickerson* would also be difficult, since the court applied collateral estoppel to the "unique facts of this case." 253 Kan. 843, Syl. ¶ 1.

Finally, Dewey claims that the issue of proper foundation was fully adjudicated and was not appealed, and, therefore, the doctrine of collateral estoppel bars further litigation. Dewey misstates the circumstances. The hearing officer never concluded that Atwood Lab was not certified to draw blood, but merely found no proof the lab was certified. From the minimal record on appeal, it appears more likely the issue was not fully litigated. These facts support the conclusion in *Huncovsky*. The quality and extensiveness of the proceeding at Dewey's administrative hearing were such that there can be no binding effect on a criminal proceeding in the district court.

Reversed.