(155 P.3d 1202)
Nos. 94,433
96,483

GARY CASNER, *Appellant/Cross-appellee,* v. STATE OF KANSAS, *Appellee/Cross-appellant.*

Opinion filed April 20, 2007.

*Brent Getty* and *Carl Folsom, III,* of Kansas Appellate Defender Office, for appellant.

*Bobby J. Hiebert, Jr.,* assistant county attorney, *Ellen Mitchell,* county attorney, and *Phill Kline,* attorney general, for appellee.

Before RULON, C.J., MALONE and HILL, JJ.

HILL, J.: This case was previously remanded to the district court to determine whether Casner could file an untimely appeal as per-

mitted in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). It now returns to us because that court said he could so appeal. Both parties appeal. The State contends in its cross-appeal that the court erred in granting *Ortiz* relief. Meanwhile, in Casner's appeal, he argues that he is entitled to sentencing relief, citing *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004), for authority. We dismiss the State's cross-appeal for lack of jurisdiction and uphold Casner's appeal and remand the case for a new sentence.

## Background Facts and Prior Proceedings

Gary Casner entered into a plea agreement where he pled guilty to one count of attempting to manufacture methamphetamine in violation of K.S.A. 65-4159. In exchange, the State dismissed all remaining charges and recommended a downward durational departure sentence of 120 months' imprisonment. On August 21, 2001, the district court imposed the negotiated sentence. Casner did not appeal.

Beginning in February 2004 Casner sought relief from his sentence by filing a series of three motions. First, he filed a pro se K.S.A. 60-1507 motion to correct his illegal sentence, claiming *McAdam* for authority. This motion was followed in March 2004 with a motion to correct illegal sentence, contending that the district court should have sentenced him under K.S.A. 65-4161(a), for a severity level 3 drug felony, instead of under K.S.A. 65-4159(a), a severity level 1 drug felony. Finally, in July 2004 Casner asked to withdraw his guilty plea.

At a hearing on these motions, the State submitted the deposition of Casner's trial counsel. Casner's trial counsel could not recall discussing with Casner the legal defense that a severity level 1 crime of manufacturing, under K.S.A. 65-4159, could be sentenced as a severity level 3 crime of compounding a chemical, under K.S.A. 65-4161, but stated that it was his practice to discuss the consequences of entering into a plea, which included waiving legal defenses.

Casner testified at the hearing and confirmed that he had read the plea agreement prior to signing it, but that his trial counsel failed to discuss with him any legal or factual defenses. Casner

further commented that if he had been advised of the possibility of being sentenced at a severity level 3 crime, he would not have agreed to the 120-month downward durational departure sentence. Nonetheless, Casner conceded that he understood that by entering into the plea agreement, the State would dismiss the remaining charges, forego filing an additional charge of aggravated failure to appear, and agree to a reduction in his sentence.

Ruling on these matters in January 2005, the district court denied Casner's motion under K.S.A. 60-1507, ruling that the *McAdam* holding cannot be applied retroactively in a collateral attack on a sentence imposed in accordance with a favorable plea agreement. Next, the court denied Casner's motion to withdraw his plea on the basis that no manifest injustice would occur in holding the defendant to the consequences of his plea. Casner appealed both decisions. We remanded the case to the district court to decide whether case law exceptions to the requirement of a timely filed notice of appeal applied here.

On remand, the district court held a hearing to determine whether Casner met one of the exceptions to an untimely appeal as described in *Ortiz*. At the hearing, Casner's trial counsel could not recall whether he discussed with Casner his right to appeal or whether he contacted Casner during the 10 days after sentencing. In addition, Casner testified that his attempts to contact his counsel after sentencing were unsuccessful. Casner stated that during the plea agreement discussions, his counsel had advised him that he could not appeal once he signed the plea agreement.

After hearing both sides, the district court questioned whether evidence existed demonstrating that the sentencing judge had advised Casner of his right to appeal. Casner responded that the district court would have the transcript if the sentencing judge informed Casner of his appellate rights. The State, however, asserted that the burden was on the defendant to provide such evidence, but according to its records the State also did not possess a copy of the transcript. Relying upon the evidence presented at the hearing, the district court ruled that Casner's appeal qualified under one of the *Ortiz* exceptions for the reason that Casner's trial counsel failed to advise him of his right to appeal. Soon after, Cas-

ner filed his notice of appeal for his direct appeal of his methamphetamine conviction.

The State asked the court to reconsider its ruling, claiming the sentencing transcript revealed that the judge had informed Casner of his right to appeal within 10 days of the sentencing proceeding. The district court conducted a hearing to review the State's motion to reconsider. Although it noted that it wished it had the sentencing transcript at the *Ortiz* hearing, the district court denied the State's motion, claiming that it lacked jurisdiction because the case had already been transferred back to the court of appeals. The State cross-appealed the district court's decision granting the *Ortiz* hearing.

We consolidated both appeals into this case for argument. We deal with the State's appeal first and then focus on Casner's.

*Can the State appeal an Ortiz ruling?*

The only authority the State claims for its cross-appeal is K.S.A. 2006 Supp. 22-3602(b)(2), which states: "b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others: . . . (2) *from an order arresting judgment.*" (Emphasis added.)

Only two statutes refer to an arrest of judgment. First, K.S.A. 22-3502 states: "The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime *or* if the court was without jurisdiction of the crime charged." Second, if no motion for arrest of judgment is filed, K.S.A. 22-3503 provides: "Whenever the court becomes aware of the existence of grounds which would require that a motion for arrest of judgment be sustained, if filed, the court may arrest the judgment without motion."

Clearly, no motion to arrest judgment was filed in this case. Furthermore, there is no evidence that demonstrates the State's complaint was defective or that the district court lacked jurisdiction over the case. Consequently, as defined by K.S.A. 22-3502, the district court's order granting Casner's appeal out of time under *Ortiz* cannot be construed as an arrest of judgment.

Pressing further, the State argues that since no reference to K.S.A. 22-3502 appears in K.S.A. 2006 Supp. 22-3602(b)(2), we should not limit an order arresting judgment to the two statutes listed above. Instead, the State claims that its cross-appeal still qualifies as an order arresting judgment under a creative but flawed estoppel theory:

"In light of the Court's determination in [*McAdam*], the courts have made it clear that a defendant should be subjected to a lesser penalty when two statutes are similar and one has a lesser penalty attached to it. *McAdam*, 277 Kan. at 146-47. When it is determined that a person who has been sentenced pursuant to a 1D felony for Manufacture or Attempt to Manufacture Methamphetamine and that such a person should be subjected to the level 3D sentence for Compounding a Chemical pursuant to K.S.A. 65-4161, the original sentence has essentially been *estopped*. The State in the present case filed an appeal pursuant to K.S.A. 22-3602(b)(2) because when the District Court erroneously determined [Casner] met an exception under *Ortiz*, based in part on [Casner's] counsel's misstatements to the District Court Judge. [Casner] is now essentially assured the application of a sentence reduction in his case. The judgment entered originally by the District Court against [Casner] has been *estopped*, and thus "arrested." [Casner] is no longer subject to that original sentence." (Emphasis added.)

We note that the State fails to cite any authority to support this rationale.

Our courts have never broadly construed an order arresting judgment to encompass any order. See *State v. Woodling*, 264 Kan. 684, 686-87, 957 P.2d 398 (1998) (finding that an order allowing withdrawal of a plea and dismissing the case was not an order arresting judgment); *State v. Unruh*, 259 Kan. 822, 824-25, 915 P.2d 744 (1996) (holding that a district court's order vacating a plea because there was an insufficient factual basis for the acceptance of that plea was not an order arresting judgment); *State v. Puckett*, 227 Kan. 911, 912, 610 P.2d 637 (1980) (confining the definition of "arrest of judgment" to K.S.A. 22-3502 and, therefore, dismissing the State's appeal because the order permitting the defendant to withdraw his nolo contendere pleas and setting the matter for jury trial was not an arrest of judgment).

Contrary to the State's contention, a judgment that has been "estopped" is not the same as a judgment that has been arrested. To begin, to estop is defined as "to bar or prevent by estoppel."

Estoppel by judgment is also known as collateral estoppel, which "prevents the relitigation of issues conclusively determined in an earlier action." *State v. Day*, 17 Kan. App. 2d 737, 738, 843 P.2d 294 (1992), *rev. denied* 252 Kan. 1093 (1993); Black Law's Dictionary 589 (8th ed. 2004). On the other hand, it is fundamental that "an arrest of judgment [under common law] was the technical term describing the act of a trial judge refusing to enter a judgment on the verdict because of an error appearing on the face of the record that rendered the judgment invalid." *United States v. Sisson*, 399 U.S. 267, 280-81, 26 L. Ed. 2d 608, 90 S. Ct. 2117 (1970).

In addition, Congress has preserved the common-law rule in Fed. R. Crim. Proc. 34 that judgments can be arrested only for errors apparent on the record. *Sisson*, 399 U.S. at 280-82. Fed. R. Crim. Proc. 34 contains language similar to the two grounds expressed in K.S.A. 22-3502. It follows that the common-law term "arrest of judgment" has also been statutorily preserved in Kansas within the two grounds described in K.S.A. 22-3502.

We hold that an arrest of judgment order as contemplated in K.S.A. 2006 Supp. 22-3602(b)(2) is limited to the definition of an arrest judgment found in K.S.A. 22-3502. Therefore, the district court's order finding an *Ortiz* exception in this case does not qualify as an order arresting judgment. The State cannot appeal.

## Additional Grounds for Appeal

The State also requests this court to consider K.S.A. 2006 Supp. 22-3602(b)(3) for jurisdictional support of its cross-appeal but concedes its error in failing to include this statutory ground in its notice of appeal. " 'Grounds for jurisdiction not identified in a notice of appeal may not be considered by the court.' [Citation omitted.]" *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001). We decline the State's request to consider the applicability of K.S.A. 2006 Supp. 22-3602(b)(3) as a ground for its cross-appeal.

## Ortiz and "Fundamental Fairness"

Despite the State's inability to qualify its cross-appeal under K.S.A. 2006 Supp. 22-3602(b)(2), the State requests this court to review the merits of its cross-appeal under the notion of funda-

mental fairness. Essentially the State argues that if there is an exception for the defendant, there should be an exception for the State. The State contends that it is fundamentally unfair that this court address the merits of Casner's untimely appeal since the sentencing transcript demonstrated that Casner was informed of his right to appeal at the sentencing hearing and Casner failed to submit such evidence at the *Ortiz* hearing. Casner disputes the State's argument, claiming that this court is required to dismiss the State's cross-appeal because K.S.A. 2006 Supp. 22-3602(b) does not include "fundamental fairness" as a ground for appeal.

Appellate courts have only such jurisdiction as is provided by law. *Verge*, 272 Kan. at 521. K.S.A. 2006 Supp. 22-3602(b) specifically enumerates four instances, *and no others*, in which the State may appeal a district court decision:

"(1) From an order dismissing a complaint, information or indictment; (2) from an order arresting judgment; (3) upon a question reserved by the prosecution; or (4) upon an order granting a new trial in any case involving a class A or B felony or for crimes committed on or after July 1, 1993."

Therefore, since K.S.A. 2006 Supp. 22-3602(b) is explicit in limiting what grounds the State can raise on appeal and that statute does not include "fundamental fairness," this court does not have jurisdiction to hear the State's cross-appeal, and it is dismissed.

*Does this court have jurisdiction to consider Casner's direct appeal?*

We remanded this case to district court to determine whether any *Ortiz* exceptions applied that would allow Casner to directly appeal his sentence. "The facts underlying an *Ortiz* exception ruling should be examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination whether those facts fit the exception should be reviewed under a de novo standard." *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 (2005).

The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 10-day period fixed by K.S.A. 22-3608(c), it must be dismissed.

"A limited exception to the general rule requiring a timely appeal from sentencing is recognized in the interest of fundamental fairness only in those cases where an

indigent defendant was either: (1) not informed of the rights to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal." 280 Kan. at 401 (citing *Ortiz*, 230 Kan. at 735-36).

At the *Ortiz* hearing, both Casner's trial counsel and Casner testified that Casner was not specifically advised of his rights to appeal. Furthermore, although the district court questioned whether the sentencing judge may have informed Casner of his right to appeal, both parties could not produce the transcript to show otherwise. Based on these responses, the district court held that the first *Ortiz* exception applied because the evidence demonstrated that Casner was not advised of his right to an appeal.

The sentencing transcript does not demonstrate that Casner was fully advised of his right to appeal. The statute, K.S.A. 22-3424(f), requires the court to inform the defendant of his or her right to appeal:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal in *forma pauperis*."

Although the language of K.S.A. 22-3424(f) pertains only to defendants who have "gone to trial on a plea of not guilty," courts have interpreted it broadly to refer to all defendants. *State v. Willingham*, 266 Kan. 98, 101, 967 P.2d 1079 (1998) (" 'The purpose of K.S.A. 22-3424[f] logically is the same as that of the federal rule [then Fed. R. Crim. Proc. 32(a)(2)]: "[T]o insure that all defendants who might wish to appeal are fully aware of their appeal rights." ' [Citations omitted.]").

Here, the transcript demonstrates that the sentencing judge advised Casner's trial counsel in Casner's presence that "Counsel, if you disagree with what the Court has done today, you may appeal it within 10 days." Omitted from this statement is information regarding Casner's right to an attorney for appeal purposes. Therefore, contrary to the State's assertion, the sentencing transcript does not prove that Casner was informed fully of his right to appeal his sentence. Accordingly, the evidence demonstrates that Casner meets the first exception under *Ortiz* that he was not informed of

his right to appeal, and this court has jurisdiction to address Casner's direct appeal.

### *Should Casner receive a new sentence?*

In *McAdam*, our Supreme Court held that K.S.A. 65-4161(a) (compounding methamphetamine) and K.S.A. 65-4159(a) (manufacturing or attempting to manufacture methamphetamine) are identical. 277 Kan. at 145. Therefore, a defendant can only be sentenced under the lesser penalty provided in K.S.A. 65-4161(a), even in cases where the sentencing resulted from favorable plea agreements. *State v. Barnes*, 278 Kan. 121, 127-28, 92 P.3d 578 (2004); *McAdam*, 277 Kan. at 145-46. Furthermore, *Barnes* determined that *McAdam* applied to all cases that were on direct appeal at the time *McAdam* was decided, which, under *Phinney*, included direct appeals filed out of time that satisfy the exceptions stated in *Ortiz*. *Phinney*, 280 Kan. at 407; *Barnes*, 278 Kan. at 129.

Accordingly, since Casner's direct appeal of his sentencing is properly before our court under an *Ortiz* exception and since the district court sentenced Casner under the greater penalty, we vacate Casner's sentence and remand for a new sentence consistent with the ruling in *McAdam*.

Sentence vacated and case remanded for new sentence; cross-appeal dismissed.