No. 55,034

Marvin D. Whitehead, *et ux., et al., Appellees,* v. The City of Fredonia, a second class city, *Appellant.*

(680 P.2d 286)

Opinion filed April 27, 1984.

*Steven W. Rogers,* of Fredonia, argued the cause and was on the brief for appellant.

*David K. Clark,* of Fredonia, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

Holmes, J.: The City of Fredonia appealed an order of the District Court of Wilson County which permanently enjoined the City from levying special assessments against the property of plaintiffs within a sewer benefit district. The district court found the City's actions to be arbitrary and capricious. That finding was reversed by the Court of Appeals in a published opinion (*Whitehead v. City of Fredonia,* 9 Kan. App. 2d 90, 673 P.2d 125 [1983]), and we granted the plaintiffs' petition for review.

The opinion of the Court of Appeals adequately sets forth the facts and controlling law in this case. As pointed out by the Court of Appeals this Court, in *Mullins v. City of El Dorado,* 200 Kan. 336, 436 P.2d 837 (1968), held:

"The power of the courts under K.S.A. 60-907(*a*) to grant relief in matters of taxes and assessments imposed by the governing body of a municipality is confined to those situations where the action taken by the governing body is without authority, or permeated with fraud, corruption or conduct so oppressive, arbitrary or capricious as to amount to fraud." Syl. ¶ 1.

In *Schulenberg v. City of Reading,* 196 Kan. 43, 52, 410 P.2d 324 (1966), we said:

"[T]he power to create sewer districts and make property liable for special

assessments is to be found in the statute. (*State Highway Commission v. City of Topeka,* 193 Kan. 335, 393 P.2d 1008.) The power of the city governing body is legislative, and discretionary in the legal sense. Courts have no supervisory power over the policy of municipal legislation and are not permitted to substitute their judgment for that of the governing body of the city. This is a fundamental principle of municipal law, and particularly in matters with respect to the law of taxation. Courts can only interfere to curb action which is *ultra vires* because of some constitutional impediment, or lack of valid legislative authority, or unlawful acts under a valid statute, or because action under a valid statute is so arbitrary, capricious, unreasonable and subversive of private rights as to indicate a clear abuse rather than a *bona fide* exercise of power."

After a careful review of the record and the rather minimal evidence presented by the plaintiffs, and even though the City failed to put on any evidence, we concur in the Court of Appeals determination that the landowners failed to carry their heavy burden of proof. *Davies v. City of Lawrence,* 218 Kan. 551, 558, 545 P.2d 1115 (1976).

The judgment of the Court of Appeals reversing the judgment of the district court is affirmed and the judgment of the district court is reversed.

McFarland, J., dissenting.