No. 67,693

RICHARD DICKERSON, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *et al.*, *Appellants.*

(863 P.2d 364)

Opinion filed November 12, 1993.

*Brian Cox,* special assistant attorney general, argued the cause and was on the brief for appellant Kansas Department of Revenue.

*Vernon D. Grassie,* of Girard, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Six, J.: The central issue in this appeal is whether, under the unique facts of this case, a plea bargain in a criminal drug case collaterally estops a drug tax proceeding commenced by the Kansas Department of Revenue (KDR). Ancillary questions relating to exhaustion of administrative remedies, jurisdiction of the district court in the instant action, and the interpretation of our summary judgment Rule 141(b) (1992 Kan. Ct. R. Annot. 124) are also considered.

KDR appeals the district court's decision enjoining the collection of a tax assessment and fine on marijuana possessed by Richard Dickerson. The Court of Appeals affirmed the trial court's decision in an unpublished *per curiam* opinion. We granted KDR's petition for review.

The district court's determinations of law frame the issues on appeal. Consequently, our standard of review is unlimited. *Gillespie v. Seymour,* 250 Kan. 123, Syl. ¶ 2, 823 P.2d 782 (1991).

We affirm the trial court and the Court of Appeals. KDR, as an agency of the State, is bound by the plea agreement bargained for by Dickerson.

## Facts

The facts were set forth by the Court of Appeals as follows:

"On February 26, 1990, Dickerson entered a plea of guilty as part of a plea agreement to one count of possession of more than 28 grams of marijuana without a tax stamp and one count of possession of Cannabis, commonly known as marijuana. The district court, accepting the terms of the plea bargain, placed Dickerson on probation for two years. As a condition of his probation, Dickerson was ordered to pay $350 in taxes due pursuant

to K.S.A. 1991 Supp. 79-5202 and a fine of $350 pursuant to K.S.A. 79-5208. Dickerson subsequently paid these amounts in full. Neither party appealed from the district court's judgment.

"On July 7, 1990, the Director of Taxation for KDR issued a drug tax assessment against Dickerson in the amount of $2,565.15, as well as a penalty in the same amount. KDR mailed notice of the assessment and penalty to Dickerson pursuant to K.S.A. 1991 Supp. 79-5205(a). The notice indicated that Dickerson could challenge the assessment within 15 days of July 7, 1990, by filing a written request for a hearing with the Director of Taxation.

"Upon receiving notice of the tax assessment and penalty, Dickerson consulted with the attorney who had represented him and arranged his plea bargain in the criminal case. The attorney instructed Dickerson to mail a copy of the final journal entry in the criminal case to KDR. Dickerson thereafter mailed a copy of the journal entry to KDR, although he never requested a formal hearing. Dickerson also telephoned KDR on two occasions and believed these actions resolved the matter.

"On July 24, 1990, the Crawford County Sheriff took possession of a 1969 Plymouth automobile owned by Dickerson. KDR intended to sell the vehicle to collect a portion of the tax assessed against Dickerson. Dickerson responded by filing a petition in district court seeking to enjoin the sale of the automobile. The petition alleged the tax assessment violated the terms of the sentence imposed upon Dickerson in the prior criminal action and requested that KDR be permanently enjoined from attempting to collect the tax assessed against Dickerson.

"In response to Dickerson's petition, KDR filed a motion for summary judgment alleging summary judgment to be appropriate, in part because: (1) Dickerson failed to exhaust his administrative remedies by requesting a hearing with the Director of Taxation, and (2) the allegations in Dickerson's petition lacked merit. Dickerson filed a response opposing summary judgment. The court denied the motion for summary judgment, and the matter proceeded to trial.

"At a hearing held July 24, 1991, KDR produced evidence showing that, although Dickerson paid a fine in an amount equivalent to the possession of 100 grams of marijuana, law enforcement officials recovered more than 700 grams of marijuana in a search of Dickerson's home. Dickerson did not dispute this evidence but contended the taxes and fines established pursuant to his prior plea agreement prevented KDR from assessing any further taxes or penalties against him.

"After the close of the hearing, the district court concluded: (1) It had jurisdiction to hear the case even though Dickerson had not requested an administrative hearing; (2) Dickerson's prior plea agreement constituted a contract which collaterally estopped KDR from collecting further taxes and fees; and (3) by failing to properly consider Dickerson's telephone inquiries and the journal entry he provided, KDR abused its power and discretion. Based on these conclusions, the court issued a permanent injunction barring

KDR from further attempts to collect the tax assessed against Dickerson. The district court also ordered the sheriff to release Dickerson's automobile."

KDR believes that three facts were not correctly stated in the Court of Appeals' decision and should be found as follows: (1) Dickerson did not enter a plea of guilty to possessing 100 grams of marijuana; (2) there was no plea agreement that Dickerson could plead guilty to possessing 100 grams of marijuana; (3) the amount of marijuana possessed by Dickerson was not determined in the criminal proceeding. We do not agree.

In his memorandum opinion in the civil injunction action, the trial judge concluded:

"3. The State of Kansas entered into a plea agreement with the plaintiff in the criminal action and he was ordered to pay $350.00 in taxes pursuant to K.S.A. 79-5202 and a fine or penalty in the same amount pursuant to K.S.A. 79-5208. This fine is based on an amount equal to 100 grams of marijuana. The plaintiff paid the fine and the State accepted it. The binding agreement was judicially recognized and approved. The State is collaterally estopped from proceeding in any different action on the same matter under the ruling in *State v. Parsons*, 15 Kan. App. 2d 374[, 808 P.2d 444] (1991).

"4. The State of Kansas is bound by its contracts and is collaterally estopped by its actions and agreements. The State of Kansas has a duty to treat its citizens fairly and to abide by its contracts."

KDR is incorrect when it asserts that the amount of marijuana was not specified in the original criminal proceeding. The record from the criminal case is before us. The trial court, in the injunction action, took judicial notice of Dickerson's criminal case file. The criminal record included testimony which explained the nature of the plea agreement that formed the basis for the journal entry. The criminal case record contains several references by the trial court to 100 grams of marijuana. Because KDR's focus has been transfixed on its factual contention that Dickerson did not plead to a specific amount, we set out the transcript of the pertinent portion of the criminal case audiotape recorded at Dickerson's February 26, 1990, arraignment, waiver of preliminary hearing, and entry of plea:

THE STATE: "Specifically your Honor at this time the State would move to amend Count I of the information to charge pursuant to K.S.A. 79-5201 *et seq.* that the defendant would be charged with possession of untaxed marijuana in the amount of 100 grams under the provisions of 79-5208 . . . .

By agreement the parties would stipulate that the defendant did in fact possess 100 grams at time of arrest and the penalties under 79-5208 would include assessment of a penalty of 100% in addition to the tax of $3.50 per gram. There is a 100% penalty of $3.50 per gram also. . . .

. . . .

THE COURT: "A previous charge of possession of marijuana with the intent to sell would now be amended to charge that in fact you did possess 100 grams of marijuana therefore subjecting you to the Subsection (c) of 79-5201 definition of a dealer by being a person who possesses more than 28 grams of marijuana . . . .

. . . .

"[S]hould you plead to that particular charge in Count I there would be a tax subject to being imposed by K.S.A. [19]87 Supp. 79-5202 at the rate of $3.50 per gram. Further there would be a penalty imposed of 100% of that particular tax. If I compute that correctly the tax would be $350 and a penalty would be an additional $350.

. . . .

"[I] find probable cause to believe on or about the 26th day of September, 1989 that there was violation of 79-5201(c) wherein this defendant possessed 100 grams of marijuana. I further find probable cause that this defendant did possess 100 grams of marijuana in violation of that particular statute and those following.

. . . .

THE COURT: "Ok, Mr. Dickerson, you have waived preliminary hearing. You understand you are charged and appearing in Crawford County District Court on amended information that alleges that on or about the 26th day of September of 1989 that you did in fact possess a certain quantity of cannabis commonly known as marijuana and that that amount was 100 grams. As I advised you previously under 79-5208 as a penalty section there is a tax that would be imposed at the rate of $3.50 per gram. There is further a

penalty of 100% of that particular tax that would cause a tax and penalty in the nature and amount of $700. Do you understand that?

DICKERSON: "Yes.

THE COURT: "With that in mind are you prepared to enter a plea today?

DICKERSON: "Yes.

THE COURT: "And what is your plea?

DICKERSON: "Guilty.

. . . .

THE COURT: "Are you entering a plea in fact because you did have in your possession approximately 100 grams of marijuana back on the 26 of September of 1989?

DICKERSON: "Yes."

## Trial Court Jurisdiction

KDR asserts that the Court of Appeals erroneously concluded that the district court had subject matter jurisdiction without specifying the precise statutory basis for the jurisdictional claim. KDR labels K.S.A. 60-907 (illegal acts of public officers) as the only authority for Dickerson's suit to enjoin KDR's drug tax assessment. KDR reasons that we have narrowly interpreted K.S.A. 60-907, citing *Whitehead v. City of Fredonia,* 235 Kan. 321, Syl., 680 P.2d 286 (1984). KDR asserts that it had the express authority to impose the drug tax under K.S.A. 79-5201 *et seq.,* and the Court of Appeals did not find that KDR's actions were "permeated with fraud."

Dickerson claims in response that the district court had jurisdiction in Crawford County when KDR filed its action to sell his car. He argues that the State (or KDR) subjected itself to the jurisdiction of the Crawford County court when it elected to bring the action in that locale.

The district court's conclusion that it could exercise jurisdiction is correct, although the reasons stated for the conclusion are not. (The district court relied on K.S.A. 79-3235.) A district court's reasons for its decision are immaterial if the ruling was correct for any reason. *Prairie State Bank v. Hoefgen,* 245 Kan. 236, 245, 777 P.2d 811 (1989).

Additionally, we do not agree with KDR's claim that *Whitehead* applies to the injunction sought by Dickerson. Dickerson wanted

the injunction to prevent the taking of his property in a manner he believed to be wrongful by virtue of the plea bargain. Dickerson's injunctive request is not a typical case of a party seeking relief from a tax assessment.

The district court had jurisdiction.

## Summary Judgment Rule 141(b)

KDR asserts that Dickerson did not comply with Supreme Court Rule 141(b) (1992 Kan. Ct. R. Annot. 124) when he filed his response to KDR's motion for summary judgment. Consequently, KDR contends that the district court erred when it failed to (1) disregard the statement of facts set forth in Dickerson's response and (2) adopt KDR's facts as uncontroverted.

KDR agrees that a party, in responding to a summary judgment motion, does not have to controvert facts. KDR explains that among the uncontroverted facts contained within its motion were statements that Dickerson failed to exhaust administrative remedies and, consequently, the district court lacked jurisdiction.

In *Plummer Development, Inc. v. Prairie State Bank*, 248 Kan. 664, Syl. ¶ 1, 809 P.2d 1216 (1991), we stated: "A trial court's ruling that an opposing party is deemed to have admitted the uncontroverted facts submitted by the movant for the failure to follow Supreme Court Rule 141 (1990 Kan. Ct. R. Annot. 110) rests within the sound discretion of the trial court." The *Plummer* rule is based upon our analysis in *Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 604, 738 P.2d 1246 (1987). See *Plummer*, 248 Kan. at 666-67.

Dickerson failed to follow Rule 141(b). Dickerson's statement of uncontroverted facts, in large part, set forth matters in the criminal case record concerning the journal entry and plea agreement. These matters created a genuine issue of material fact and served as a sufficient basis for the district court to deny KDR's motion. The district court's ability to determine whether factual issues were controverted was not frustrated by Dickerson's failure to cite to the record. See *Slaymaker v. Westgate State Bank*, 241 Kan. 525, Syl. ¶ 1, 739 P.2d 444 (1987).

The district court did not err in refusing to deem lack of exhaustion and lack of jurisdiction as admitted, uncontroverted statements of fact. Exhaustion is implicitly controverted by the

journal entry in the criminal case which provides a non-tax basis for reviewing KDR's conduct. The determination of jurisdiction is for the court. Jurisdiction is not proven or disproven because a party says so within a statement of uncontroverted facts.

### The Plea Agreement

The Court of Appeals discussed the binding nature of the plea agreement:

"In *Santobello v. New York*, 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), the Supreme Court indicated one who agrees to a plea bargain with the State has a right to relief upon the breach of a promise made as part of that agreement. The Court specifically held that, 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' 404 U.S. at 262. The State received Dickerson's guilty plea in exchange for a promise to seek no more than a $350 tax assessment against him. Dickerson could have received a much larger fine, since law enforcement officials recovered more than 700 grams of marijuana from his property. K.S.A. 1991 Supp. 79-5202(a)(1). The reduction in Dickerson's tax assessment must have been offered to induce his guilty plea. Following *Santobello*, Dickerson's plea agreement with the State precludes any assessment of the drug tax in an amount greater than $350."

*State v. Parson*, 15 Kan. App. 2d 374, 808 P.2d 444 (1991), controls the disposition of the case at bar. In *Parson*, the issue of privity between various state officers is discussed. Richard A. Parson was charged in a criminal prosecution with operating an unregistered vehicle, a mobile water well drilling rig. *Parson* held that the conviction was barred by operation of the doctrine of collateral estoppel. A prior declaratory judgment action had determined that the rig was exempt from registration. The State Highway Commission Motor Vehicle Department and the Treasurer of Sedgwick County were parties to the declaratory judgment action. 15 Kan. App. 2d at 379. The later criminal case against Parson was filed in Pratt County.

Dickerson negotiated the tax and fine with an agent of the State, the Crawford County Attorney. The plea agreement was implemented by the State through the district court judge. The State, as embodied in the Director of Taxation, cannot now vary the terms of the prior agreement and court order.

KDR contends that we should not approve of the "bargaining away" of its additional drug tax assessment by the Crawford

County Attorney. KDR maintains that the county attorney's actions were ultra vires and void. KDR reasons that Dickerson could have been permitted to withdraw his plea in the criminal case and, consequently, his rights would have been protected.

Dickerson suggests that the criminal case and drug tax proceeding are related because the two cases involve the same marijuana, same statutory authority for the assessment, same defendant, and same State. Dickerson relies on *Parson* and maintains that the State bargained away the State's tax assessment rights in any amount greater than 100 grams.

KDR now asserts that: (1) the county attorney did not promise that KDR would refrain from assessing the drug tax, (2) Dickerson failed to prove the existence of such a promise, and (3) Dickerson testified that no one told him the plea agreement would bar KDR from further assessing taxes. However, on cross-examination by KDR, Dickerson's criminal case attorney testified as follows: "My recollection is that the State and Mr. Dickerson and I agreed that we would stipulate that the amount of marijuana he possessed was whichever amount that gave rise to the $350.00 taxation." A review of the criminal case audiotapes settles the 100 gram guilty plea issue.

KDR reasons that the tax ramifications of Dickerson's conduct are collateral to the disposition of his criminal case. KDR cites *City of Ottawa v. Lester,* 16 Kan. App. 2d 244, 822 P.2d 72 (1991). In *Lester,* the Court of Appeals explained that "[t]he test of whether consequences are collateral has been defined as 'whether the consequences imposed are a definite, immediate, and largely automatic result of the guilty plea.' *United States v. Lott,* 630 F.Supp. 611, 612 (E.D. Va.), *aff'd* 795 F.2d 82 (1986)." 16 Kan. App. 2d at 248. Given the language and nature of Dickerson's criminal proceeding, journal entry, and plea agreement, the tax and fine imposed were settled. The setting of the tax and fine in the criminal case renders the existence of further taxes and fines a nullity.

Finally, KDR contends that allowing a court to assess a tax violates separation of powers. KDR claims that *State v. Blackmore,* 15 Kan. App. 2d 539, 811 P.2d 54, *aff'd in part, rev'd in part* 249 Kan. 668, 822 P.2d 49 (1991), is useful by analogy. *Blackmore* is a sentencing case which recognizes that any judge

of the judicial district is authorized to pronounce sentence on a person convicted of a crime in that district. The doctrine of separation of powers was not discussed.

KDR should not be allowed to return at a later date to unravel the plea agreement and alter the trial court's initial determination. Fairness dictates upholding the application of *Parson*. Our view that KDR was in privity with the prosecutor is, to some extent, reinforced by the fact that KDR accepted Dickerson's payment and waited several months before it pursued the additional assessment. KDR states that (1) it has never sought collection of the same tax twice, and (2) Dickerson has been credited with payment of $350 in tax and $350 in penalty.

Dickerson relied on a promise by an agent of the State, the prosecutor. Given the context of the situation, Dickerson had no reason to believe that the prosecutor and court could not determine his fine. The criminal case information was amended to charge 100 grams of marijuana. His guilty plea was to a specific amount of the drug, 100 grams.

### Exhaustion of Administrative Remedies

KDR argued that the district court erred in denying its motion for summary judgment based upon Dickerson's failure to exhaust his administrative remedies. Dickerson contended that the district court was the proper forum to challenge the tax assessment because that court made the initial assessment in the criminal case.

The Kansas Drug Tax Act is found in K.S.A. 79-5201 *et seq.* The central provision of the Act at issue is K.S.A. 1992 Supp. 79-5202, which provides for a tax on marijuana of $3.50 per gram. The marijuana tax is imposed on the possession of more than 28 grams of the drug. K.S.A. 1992 Supp. 79-5201(c); K.S.A. 1992 Supp. 79-5204(a). K.S.A. 1992 Supp. 79-5204 requires that payment of the tax be evidenced by a tax stamp affixed to the drug.

For a taxpayer not having the stamps (a common occurrence), the tax is assessed by the Director of Taxation based on "personal knowledge or information." K.S.A. 1992 Supp. 79-5205(a). Failure to pay the tax when due results in sanctions. Civil sanctions are handled by KDR. Criminal sanctions are handled by prosecuting attorneys. K.S.A. 79-5208 is the penalty provision for violation of the Kansas Drug Tax Act. In a criminal proceeding, a defendant

convicted under the Act may be sentenced to imprisonment for not more than five years or fined not more than $10,000 or both.

K.S.A. 1992 Supp. 79-5205 vests the sole authority for tax assessment in the Director of Taxation and provides for a jeopardy assessment procedure to collect the tax. K.S.A. 79-5208 provides for the assessment of a penalty in the amount of 100% of the tax for failure to pay in addition to the tax imposed under K.S.A. 1992 Supp. 79-5202. KDR can collect interest on the tax at 18% annually from the date the tax is due. K.S.A. 79-2968.

The legislature has established a detailed appeal process for persons assessed a drug tax in a K.S.A. 79-5201 *et seq.* proceeding. The provisions of K.S.A. 1992 Supp. 79-5205(b) allow a taxpayer to request a hearing before the Director of Taxation within 15 days of the date of the mailing of a tax assessment. Decisions of the Director may be appealed to the State Board of Tax Appeals under K.S.A. 74-2438. Dickerson failed to timely request a hearing before the Director of Taxation. The Court of Appeals explained:

"The facts presented to the district court in the memoranda of the parties, when considered in the light most favorable to Dickerson, suggest that Dickerson consulted KDR and that KDR misled him into believing a copy of the journal entry in his criminal case might serve as an adequate substitute for a hearing with the Director of Taxation. While Dickerson waited for KDR to evaluate the effect of the journal entry, his time to file an appeal expired. Given these factual allegations, the district court did not err in denying KDR's motion for summary judgment."

The Court of Appeals further discussed the exhaustion issue in the context of the question of whether the district court had jurisdiction to grant an injunction under K.S.A. 79-3235. The Court of Appeals determined that 79-3235, dealing with collection of delinquent taxes, did not provide the district court with jurisdiction in this assessment matter. The court found that Dickerson failed to follow through with the administrative appeal process and that KDR was not responsible for Dickerson's actions.

The Court of Appeals ultimately found that the district court's conclusion that it had jurisdiction was correct. Dickerson had not sought to challenge the statutory provisions which governed taxation of marijuana. Rather, he sought relief from the assessment on the grounds that it violated the terms of his plea agreement.

KDR asserts that *Zarda v. State*, 250 Kan. 364, 370-71, 826 P.2d 1365, *cert. denied* 119 L. Ed. 2d 566 (1992), stands for the proposition that where a litigant seeks tax relief, administrative remedies must be exhausted even in combination with requests for injunctive relief based on a claim that the statute is unconstitutional. KDR views *Zarda's* companion case, *Dean v. State*, 250 Kan. 417, 422, 826 P.2d 1372, *cert. denied* 119 L. Ed. 2d 566 (1992), as clarifying the fact that administrative agencies may consider questions of statutory interpretation.

Dickerson replies: (1) The State did not appeal the criminal judgment; (2) the judgment occurred prior to any notice of hearing before KDR; (3) the State received and accepted the fine without question or reservation; (4) the criminal judgment barred the future assessment and eliminated the necessity for an administrative hearing. Dickerson asserts that responsibility lies with KDR's failure to appeal the criminal judgment, not with his failure to exhaust administrative remedies.

KDR, in its supplemental brief, analyzes *Farmers Banshares of Abilene, Inc. v. Graves*, 250 Kan. 520, 826 P.2d 1363 (1992), as agreeing with *Zarda* and *Dean*. During oral argument, KDR referenced our recent opinion in *J. Enterprises, Inc. v. Board of County Commissioners*, 253 Kan. 552, 857 P.2d 666 (1993), as additional support.

The exhaustion requirement is not simply an arbitrary rule that must be blindly enforced if a case somehow touches an administrative agency. See *Goodwin v. City of Kansas City*, 244 Kan. 28, 29-30, 766 P.2d 177 (1988).

The question of the binding effect of the plea agreement was the issue in the case at bar. The nature of the plea agreement is not within the specialized expertise of the Director of Taxation or the State Board of Tax Appeals. Exhaustion was not required because consideration of the binding effect of the judgment and plea agreement would conclusively determine the issue. The responsibility of construing the criminal journal entry rests with the district court, not with KDR. *Zarda, Dean, Graves*, and *J. Enterprises, Inc.*, do not control under the unique facts in the case at bar.

Two principles, enforcement of a plea agreement and exhaustion of administrative remedies, are in conflict. These principles

must be reconciled in the disposition of the instant appeal and for future guidance to trial courts, prosecutors, the defense bar, and KDR. The roots of both principles are firmly bedded, one in the area of criminal law, the other in administrative law. The proceedings in the case at bar have highlighted tension between the two principles. Prosecutors should follow K.S.A. 79-5201 *et seq.* and trial courts should not accept plea agreements involving K.S.A. 1992 Supp. 79-5205 drug tax assessments.

KDR is collaterally estopped from claiming that Dickerson possessed 700 grams of marijuana. The tax and penalty for possession of 100 grams have been paid.

Affirmed.

DAVIS, J., not participating.

MILLER, C.J. Retired, assigned.