(930 P.2d 1087)

No. 75,013

ALAN FEHLHAFER, *Appellee*, v. STATE OF KANSAS, *Appellant*.

Opinion filed December 13, 1996.

*Brian Cox*, of legal services division, Kansas Department of Revenue, for appellant.

No appearance by appellee.

Before ELLIOTT, P.J., LEWIS and PIERRON, JJ.

ELLIOTT, J.: The Kansas Department of Revenue (KDR) suspended the driving privileges of Alan Fehlhafer due to his second DUI conviction. Fehlhafer filed a chapter 60 suit to enjoin the suspension, alleging it violated his plea agreement. The trial court, relying on *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 863 P.2d 364 (1993), ruled in Fehlhafer's favor.

KDR appeals and we reverse.

The facts are not disputed. Fehlhafer pled no contest to the DUI charge pursuant to a plea agreement in which the prosecutor promised that Fehlhafer's driving privileges would not be suspended; the trial court approved the plea agreement.

Fehlhafer filed an action in Leavenworth County to enjoin KDR's suspension of his driving privileges. KDR moved to dismiss or to transfer venue to Shawnee County. The trial court denied the motion. At trial, the assistant county attorney who entered into the plea agreement testified he knew KDR had authority to suspend a license, but believed he had authority to bargain away that suspension.

The trial court ultimately ruled that while the prosecutor should not have bargained away the suspension, KDR was nonetheless bound by the plea agreement under *Dickerson*.

K.S.A. 60-602 governs venue in this case. The statute provides:

"Actions for the following causes must be brought in the county in which the cause, or some part thereof arose:

. . . .

"(2) An action against a public officer for an act done or threatened to be done by such officer by virtue or under color of his or her office, or for neglect of his or her official duties."

In *Huerter v. Hassig*, 175 Kan. 781, 267 P.2d 532 (1954), the sole issue was whether venue was proper in Nemaha County (where suit was filed) or in Pratt County, where the official action of the fish and game commission was taken. The court held that venue was proper in Pratt County, where the official action of the commission was taken. 175 Kan. at 785.

In *Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Ass'n*, 215 Kan. 937, 939, 529 P.2d 171 (1974), the court stated:

"We take it as well settled . . . that the mere 'making' of a contract, standing alone, does not give rise to a cause of action; there must in addition be a breach. [Citations omitted.] . . . [T]he place of making a contract is irrelevant to the issue of where a cause of action arises for its breach; the controlling place is that of the breach, *i.e.*, the place where the obligor failed to fulfill his obligation."

In the present case, while the plea agreement was made in Leavenworth County, the alleged breach—the suspension of Fehlhafer's license—occurred in Shawnee County. Furthermore, the sus-

pension of the license was the only official action with which plaintiff took issue. Applying *Huerter* and *Alliance,* venue was proper in Shawnee County and not Leavenworth County.

The remaining question is whether we can deem the trial court's venue ruling as harmless error and address the merits of KDR's appeal. In *Alliance,* the court proceeded to the merits of the appeal, holding that "[a]lthough a party's right to litigate in a proper forum is a valuable one, the law does not require pointless redetermination of legal issues where the results may be readily foreseen." 215 Kan. at 942.

KDR asks that we not address the merits. Instead, we will address only the merits of the appeal dealing with the enforceability of the plea agreement.

The trial court ruled that under *Dickerson,* KDR was bound by the plea agreement, even though the prosecutor never should have entered into the agreement. The issue in *Dickerson* was whether a plea agreement in a criminal drug case collaterally estopped a later drug tax proceeding filed by KDR. The enjoining of KDR from attempting to collect the tax was affirmed by this court and by the Supreme Court. 253 Kan. at 844.

The *Dickerson* court explained:

"Dickerson negotiated the tax and fine with an agent of the State, the Crawford County Attorney. The plea agreement was implemented by the State through the district court judge. The State, as embodied in the Director of Taxation, cannot now vary the terms of the prior agreement and court order." 253 Kan. at 850.

However, the *Dickerson* court also stated in clear terms that the Director of Taxation had the sole authority to make drug tax assessments and prosecutors and district courts should not enter into or accept such plea agreements. 253 Kan. at 853, 855.

Similarly, by statute, KDR has the sole authority to suspend a driver's license after a DUI conviction. K.S.A. 8-1014(b). And if KDR has the sole authority to suspend a driver's license, then the prosecutor simply has no authority under *Dickerson* to waive that suspension as part of a plea agreement. Further, a license suspension is a civil sanction which is remedial and not punitive in nature. *State v. Mertz,* 258 Kan. 745, 752, 761, 907 P.2d 847 (1995).

Like other civil sanctions, license suspensions are handled by KDR, while criminal sanctions for DUI are handled by a prosecutor. See *Dickerson*, 253 Kan. at 852.

In our view, *Dickerson* clearly gave notice that the type of plea agreement here involved was improper and was not to be attempted again. In effect, the *Dickerson* court told all interested parties to go forward, but sin no more. The *Dickerson* court said: "Given the context of the situation, Dickerson has no reason to believe that the prosecutor and court could not determine his fine." 253 Kan. at 852.

Here, the trial court might have been misled by a discussion of an unpublished opinion of this court that did not exist. But defense counsel, the prosecutor, and the trial court should have known that, under *Dickerson*, the prosecutor lacked authority to make the plea agreement he made. We hold that Fehlhafer could not claim to have had any reasonable expectation that the prosecutor had the authority to waive his driver's license suspension.

As we read *Dickerson*, our Supreme Court clearly told the State of Kansas that plea agreements made by prosecutors who have no authority to make them would not be tolerated and would not be enforced in the future.

The Leavenworth County prosecutor had no authority to enter into the plea agreement with Fehlhafer, and the trial court should not have enforced it. KDR has the sole authority to suspend a driver's license following a DUI conviction and is not bound by the plea agreement.

Since the prosecutor had no authority to enter the plea agreement, it should be set aside; the DUI charge should be reinstated, and the case should proceed as if the plea agreement had not been made.

Reversed.