(28 P.3d 1031)

No. 84,846

STATE OF KANSAS, *Appellant*, v. JOEL HERNANDEZ, *Appellee*.

Opinion filed August 3, 2001.

*Lois K. Malin*, assistant county attorney, *John P. Wheeler, Jr.*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Peter Maharry*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellee.

Before GERNON, P.J., KNUDSON and BEIER, JJ.

GERNON, J.: The State appeals on a question reserved under K.S.A. 2000 Supp. 22-3602(b)(3)—namely, whether a court may strike an otherwise valid conviction from a defendant's criminal history pursuant to a plea agreement. This involves interpreting

the pertinent sentencing statutes, and we exercise de novo review. *State v. Favela*, 259 Kan. 215, 218, 911 P.2d 792 (1996).

Joel Hernandez first pled guilty to criminal damage to property, a nonperson felony, in case No. 99CR655. Immediately after, Hernandez pled guilty to criminal threat, a person felony, in case No. 99CR648.

Although the record is unclear, based on the district court findings, the parties arranged for Hernandez to plead in 99CR655 first, apparently reasoning that the criminal threat conviction in 99CR648 would not be a factor in sentencing on the criminal damage to property conviction.

At sentencing on the criminal damage to property conviction, the defense moved to strike the criminal threat conviction from Hernandez' criminal history. Over the State's objection, the court struck the conviction from the criminal history and noted: "Whether or not that is the anticipation of the legislature, that was certainly the anticipation of the parties entering the plea." With the criminal threat conviction, Hernandez' criminal history score would have been "D"; without the conviction, his score would have been "I."

The State's position is that it agreed not to request a departure at sentencing, not that any of Hernandez' convictions be omitted from consideration at sentencing. No objection to the PSI report was filed by Hernandez.

Hernandez questions our subject matter jurisdiction, claiming review on a question reserved is limited to issues of a statewide interest important to the correct and uniform administration of the criminal law. See *State v. Leonard*, 248 Kan. 427, 432, 807 P.2d 81 (1991). Hernandez characterizes the issue simply as the State's appeal of an erroneous criminal history determination. See *State v. Woodling*, 264 Kan. 684, 688, 957 P.2d 398 (1998) (whether a plea agreement was ambiguous is dependent on unique facts, requires a review of the trial court's factual findings, and is of limited precedential value).

The legislature has made it a primary concern to ensure the sentencing statutes are consistently applied. If we were to allow the result in this case to stand, the precedent would be damaging

to the legislature's objectives. This is a situation certain to arise in the future. In addition, this case involves a sentencing court's decision to strike an otherwise valid conviction from the defendant's criminal history in contravention of the statutes. The State made a specific objection and reserved its question for appeal upon the adverse ruling from the bench. We find that this court has jurisdiction to hear this issue.

It is the intent of the legislature that a defendant's criminal history be determined by a preponderance of the evidence. K.S.A. 21-4715(a). For our purposes, all valid convictions are included in a defendant's criminal history if they occurred prior to sentencing in the instant case. K.S.A. 21-4710(a).

K.S.A. 21-4713(f) provides that in the course of discussing plea agreements, the prosecutor

"shall not enter into any agreement to decline to use a prior drug conviction of the defendant to elevate or enhance the severity level of a drug crime as provided in K.S.A. 65-4127a, 65-4127b and 65-4159 or 65-4160 through 65-4164 and amendments thereto, *or make any agreement to exclude any prior conviction from the criminal history of the defendant.*" (Emphasis added.)

The issue is answered by a reading of K.S.A. 21-4710(a), which defines prior convictions as

"any *conviction, other than another count* in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, *which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case.*" (Emphasis added.)

Here, the district court found that the parties did not intend for Hernandez' criminal history to include the criminal threat conviction.

An appellant has the burden of furnishing a record that affirmatively shows that prejudicial error occurred in the trial court. In the absence of such a record, an appellate court presumes the action of the trial court was proper. *State v. Valdez*, 266 Kan. 774, 792, 977 P.2d 242 (1999). The State in this case failed to include the plea agreement as part of the record on appeal. Therefore, we

will presume that the findings of the trial court relating to the intent of the parties in the plea agreement were proper.

Based on clear legislative intent, the criminal threat conviction should have been included in Hernandez' criminal history pertaining to the criminal damage conviction. Where the prosecutor lacks authority to make a plea agreement, the resulting agreement is invalid and must be set aside. See *Fehlhafer v. State*, 23 Kan. App. 2d 193, 196, 930 P.2d 1087 (1996). The prosecutor did not have the authority to alter or ignore the plain language and intent of the legislature relating to criminal history. Therefore, we find that the plea agreement is invalid and must be set aside.

Accordingly, we vacate Hernandez' sentence in case No. 99CR655 and remand for resentencing. Ordinarily, we would stop there. However, given the district court's specific finding that Hernandez entered his pleas in the two cases with the understanding that the State would deliver on a promise we now find inappropriate, the district court should permit Hernandez to pursue motions for withdrawal of his pleas, should he wish to file them.

Sentence vacated, and case remanded with directions.