NOT DESIGNATED FOR PUBLICATION

No. 116,197

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL A. VANDERPOOL,
*Appellant*,

v.

SAM CLINE, *et al*.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed February 3, 2017. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, of Kansas Department of Corrections, for appellees.

Before GARDNER, P.J., POWELL, J., and HEBERT, S.J.

*Per Curiam*: Michael A. Vanderpool filed a habeas corpus and civil rights petition arising out of Hutchinson Correctional Facility's refusal to give him a photograph for which Vanderpool had paid $2.50. The district court summarily dismissed Vanderpool's petition, finding from the face of the petition that he was not entitled to relief. We agree.

*Factual and procedural background*

On August 15, 2015, inmate Michael A. Vanderpool took five photos with his family at a cost of $2.50 each, pursuant to a prison program called the Inmate Picture Project. Through that project, inmates purchase picture coupons from the canteen and use

1

them to pay for pictures. The pictures appear to be for the inmate's personal use. Three project rules are pertinent in this case:  1) "[w]here possible all hands of all persons in the picture will be visible", 2) the photos are "subject to facility inspection and may be disapproved if there is any question regarding the appropriateness of the picture", 3) if a photo is disapproved, it will not be given to the inmate and the inmate will "forfeit the funds paid for the picture and possibly incur disciplinary action."

In August 2015, one of the photos Vanderpool had taken with his family was disapproved for the stated reason that "[a]ll hands of persons [were] not vis[i]ble." Vanderpool filed a Form 9 Inmate Request to Staff Member to the Unit Administrator, Ryan Patton. Vanderpool noted that the rules required persons to keep their hands visible only "where possible." Vanderpool argued that it was not possible to have all hands visible in the photo because it featured him and seven family members and "someone would have to literally . . . extend their hands above their head" to have all hands visible. Patton denied Vanderpool's request.

Vanderpool then filed a Property Damage/Loss or Personal Injury Claim Form in which he requested $500 ($2.50 for the cost of the picture and $497.50 in damages). Prison officials investigated Vanderpool's claim and concluded:  "The Picture Project is a voluntary program and inmate Vanderpool was not required to participate. By participating, inmate Vanderpool agreed to be subject to the Inmate Picture Project Rules and when he did not comply his photo was rightfully denied." On September 15, 2015, Warden Sam Cline disapproved Vanderpool's request, and on September 23, 2015, the Secretary of Corrections also disapproved it.

Vanderpool filed a habeas corpus and civil rights petition on November 9, 2015. Vanderpool sought "a writ of habeas [corpus] under K.S.A. 60-1501; Declaratory Relief under K.S.A. 60-1701 et seq.; money damages under 42 U.S.C. § 1983 incorporating K.S.A. 75-6101 et seq. concerning the deprivation of and violation of his constitutional

2

rights, by the taking of his property." Vanderpool also argued that the Inmate Picture Project did not comply with K.S.A. 75-5256 or regulations adopted by the Secretary of Corrections. Vanderpool sought $500 for the violation of his constitutional rights and $500 for the loss of the photo of him and his family.

The district court summarily dismissed Vanderpool's petition per K.S.A. 2015 Supp. 60-1503(a), stating:

> "It plainly appears from the face of the petition that plaintiff is not entitled to relief. The photographs that were denied were in violation of the institution's Inmate Picture Project guidelines. Participation in the Picture Project is voluntary and plaintiff agreed to abide by the guidelines."

Vanderpool appealed.

*Did the trial court err by summarily dismissing Vanderpool's petition?*

We first address appellee's argument that Vanderpool's petition was time-barred. Although the district court did not base its dismissal on the statute of limitations, "[a] district court's reasons for its decision are immaterial if the ruling was correct for any reason." *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 848, 863 P.2d 364 (1993). Without a timely filing, this court lacks jurisdiction to consider the merits of a prisoner's constitutional claims. *Corter v. Cline*, 42 Kan. App. 2d 721, 724, 217 P.3d 991 (2009); see *Peters v. Kansas Parole Board*, 22 Kan. App. 2d 175, 180, 915 P.2d 784 (1996) (holding inmate's habeas petition not filed within 30-day statute of limitations was properly dismissed as time-barred).

*This 60-1501 claim is time-barred*

To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2015 Supp. 60-1503(a). An appellate court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

Kansas law requires a 60-1501 petition to be filed within 30 days of final agency action:

> "Except as provided in K.S.A. 60-1507, and amendments thereto, an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2015 Supp. 60-1501(b).

This statute is treated as a statute of limitations for inmate habeas claims. *Battrick v. State*, 267 Kan. 389, 394, 985 P.2d 707 (1999).

The prison informed Vanderpool on August 17, 2015, that his photo would not be processed. Vanderpool sought administrative remedies, but his requests were denied. The final denial came from the Secretary of Corrections on September 23, 2015. Not until November 9, 2015, 47 days later, did Vanderpool file a writ of habeas corpus with the district court. Because Vanderpool filed his petition after the 30-day limit established by K.S.A. 2015 Supp. 60-1501(b), his habeas petition is time-barred.

*No constitutional violation is shown*

Alternatively, even if Vanderpool's K.S.A. 2015 Supp. 60-1501 petition had been timely filed, his petition was subject to summary dismissal for failing to make allegations of a constitutional stature. Vanderpool argues that the State's refusal to refund the money he spent on the picture "deprived him of his property without just compensation and without due process." However, as the appellees argue, this is actually a contract claim. The State did not deprive Vanderpool of his money—Vanderpool gave it to them voluntarily, pursuant to the Inmate Picture Project. Then, because Vanderpool did not adhere to the rules of the Inmate Picture Project, the State kept the money.

Even if we assume Vanderpool had a property interest in the photo, his dispute is contractual and not constitutional in nature. A "breach of a contract is neither a confiscation of property nor a taking of property without due process of law." *Shawnee Sewerage & Dr. Co. v. Stearns*, 220 U.S. 462, 455-56, 31 S. Ct. 452, 55 L. Ed. 544 (1911). Other courts have reaffirmed this holding. See, *e.g.*, *Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, 446 (8th Cir. 1995) ("It is well established that 'a simple breach of contract does not rise to the level of a constitutional deprivation.'") (quoting *Medical Laundry Service v. University of Alabama*, 840 F.2d 840, 843 [11th Cir. 1988]); *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 770 (7th Cir. 1985) ("It has long been settled that a mere breach of contract by the government does not give rise to a constitutional claim.").

Vanderpool has also failed to show any basis for awarding monetary damages. "The wrong to be remedied under habeas corpus is one with constitutional dimensions. A constitutional violation claim under these specialized statutes is not amenable to joinder with a statutory damage claim." *Robertson v. Call*, No. 112,132, 2015 WL 326677, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 301 Kan. 1047 (2015); see also *Bryant v.*

*Barbara*, 11 Kan. App. 2d 165, 167, 717 P.2d 522 (1986) ("[M]oney damages may not be awarded in a habeas corpus proceeding.").

*No § 1983 claim is viable*

Although Vanderpool made a 42 U.S.C. § 1983 claim at the trial court level, Vanderpool does not mention § 1983 on appeal. An issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Had Vanderpool briefed the claim, we would have denied it because a breach of contract claim cannot form the basis of a 42 U.S.C. § 1983 lawsuit. See *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 198, 121 S. Ct. 1446, 149 L. Ed. 2d 391 (2001). In *Lujan*, the Supreme Court assumed without deciding that G & G had a property interest in its claim for payment, but held that "it is an interest . . . that can be fully protected by an ordinary breach-of-contract suit." 532 U.S. at 196. The Court held "if California makes ordinary judicial process available to [G & G] for resolving its contractual dispute, that process is due process." 532 U.S. at 197. "Breach of contract claims are also purely matters of state law, and are not grounds for relief under Section 1983." *Menefee v. Werholtz*, No. 08-3314-SAC, 2009 WL 311108, at *3 (D. Kan. 2009) (unpublished opinion). Vanderpool's claim that the prison violated his due process rights by withholding the photo is not actionable under 42 U.S.C. § 1983.

*Violation of internal procedures is not actionable*

Vanderpool additionally argues that the Inmate Picture Project policy did not comply with the prison's own procedures and, thus, "deprived him of his property without just compensation and without due process." However, "[i]nternal management of prisons is left to the sound discretion of the Department of Corrections, through the Secretary of

6

Corrections[,] and this court should not interfere where liberty or property interests are not involved." *Vinson v. McKune*, 265 Kan. 422, 426, 960 P.2d 222 (1998) (citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 [1995]). Because Vanderpool does not assert a constitutional liberty or property claim, we defer to the discretion of the correctional facility.

For the reasons set forth above, the district court was correct to summarily dismiss Vanderpool's petition.

Affirmed.