NOT DESIGNATED FOR PUBLICATION

No. 116,268

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS
*Appellee*,

v.

VINCENT E. JEFFERSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed July 21, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN, and POWELL, JJ.

LEBEN, J.: Vincent E. Jefferson appeals the sentence he received on his conviction for aggravated burglary. His case has been before our court twice before.

His case first reached us on appeal from his original sentencing, which took place in 2013. We concluded that his criminal-history score, which affects the presumptive sentencing under our state's sentencing guidelines, had been miscalculated. So we vacated his prior sentence and sent the case back for resentencing. See *State v. Jefferson*, No. 110,932, 2015 WL 1782599 (Kan. App. 2015) (unpublished opinion).

His case next reached us on appeal after Jefferson violated his probation. The district court revoked his probation and ordered that he serve his prison sentence.

Jefferson appealed, but we concluded that the district court had acted within its discretion and affirmed its judgment. *State v. Jefferson*, No. 115,080, 2017 WL 840220 (Kan. App. 2017) (unpublished opinion).

The appeal now before us relates to Jefferson's resentencing. In his filing, Jefferson suggests three potential errors at the resentencing, but we see no reversible error. The first two can be addressed with brief comments:

- He says that he objected to the classification of his 1980 aggravated-burglary conviction as a person felony and that the district court overruled his objection. But this was an issue that he raised unsuccessfully in his initial appeal. See 2015 WL 1782599, at *2-3. He has not shown any change in the law since the issue was decided against him in 2015.

- He notes that he objected to the inclusion in his criminal history of three misdemeanor convictions for witness intimidation that—since these convictions came in 2015—weren't in existence at the time of his initial sentencing. But all convictions that occur before sentencing are counted, even in the event of a resentencing. See K.S.A. 2016 Supp. 21-6810(a), (d)(2); *State v. Patry*, 266 Kan. 108, 111-12, 967 P.2d 737 (1998); *State v. Hernandez*, 29 Kan. App. 2d 522, 524, 28 P.3d 1031 (2001); *State v. Riojas*, No. 115,348, 2017 WL 2610671, at *2 (Kan. App. 2017) (unpublished opinion). So the district court did not err when it considered these 2015 convictions, which took place before sentencing, when calculating Jefferson's criminal-history score.

The third potential error referenced on appeal is the district court's failure to ask directly whether Jefferson wanted to make some statement at his resentencing in mitigation of punishment. The court is required to do so. See K.S.A. 2016 Supp. 22-3424(e)(4). But as Jefferson recognizes, this error is subject to harmless-error review. See *State v. Valladarez*, 288 Kan. 671, 687-88, 206 P.3d 879 (2009); *State v. Miller*, No. 108,984, 2014 WL 1193376, at *9 (Kan. App. 2014) (unpublished opinion).

The right of a defendant to make a statement at sentencing aimed at getting a lesser sentence—known as allocution—is a statutory right, not a constitutional one. See *State v. Stallings*, 284 Kan. 741, 748-49, 750, 163 P.3d 1232 (2007). We therefore apply the statutory harmless-error standard under which the test is whether the error affected the defendant's substantial rights, in this case by affecting his sentence. *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011).

Under that test, we find the error here a harmless one. We note that Jefferson has not shown what additional information he would have given to the district court or identified how his rights were affected by the court's failure to ask him whether he wanted to make a statement. See *Miller*, 2014 WL 1193376, at *9; *City of Manhattan v. Steiner*, No. 108,339, 2013 WL 1339918, at *1 (Kan. App. 2013) (unpublished opinion). The judge here was quite familiar with Jefferson, having sentenced him the first time (when the judge *did* ask for Jefferson's direct input) and having presided over an earlier hearing at which the judge revoked Jefferson's probation, which had remained in place pending the resentencing.

At the hearing on whether to revoke Jefferson's probation, the same judge reviewed Jefferson's record—both on probation and throughout his life—in detail. And Jefferson interacted frequently and personally with the judge, even interjecting questions and comments. At that hearing, the judge noted Jefferson's 55 criminal-history entries going back 30 years. The judge also said that he felt he had no choice but to revoke the probation and send Jefferson to prison "because of public safety considerations."

We should note that at an earlier hearing, four witnesses presented testimony in support of charges against Jefferson of aggravated battery and criminal threat. That hearing, before a different judge, was a combined preliminary hearing in another case and probation-violation hearing in this case. That other judge concluded that the evidence was

3

sufficient to find probable cause that Jefferson had committed those offenses while on probation. That judge then returned the case to the sentencing judge to decide whether to revoke Jefferson's probation based on these factual findings.

Based on those findings, the sentencing judge terminated probation at the later hearing in which that judge interacted with Jefferson. The sentencing judge said at the probation-revocation hearing that he "just [didn't] see any reason to reward further negative behavior by a further reduction" in sentence or penalty. Later, at the sentencing hearing, Jefferson's attorney presented argument in support of a motion for a lesser, departure sentence. Given that the sentencing judge was thoroughly familiar with Jefferson's record and Jefferson has not identified any additional information that might have affected his sentence, we conclude that the failure to specifically ask Jefferson for any comments he might have in mitigation of his sentence was a harmless error.

On Jefferson's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in Jefferson's sentence.

The district court's judgment is therefore affirmed.

4