NOT DESIGNATED FOR PUBLICATION

No. 114,697

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GOLDY L. METCALF,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGLE, judge. Opinion filed August 18, 2017. Affirmed.

*Carl Maughan*, of Maughan Law Group, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek L. Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

LEBEN, J.: Goldy L. Metcalf appeals the district court's denial of his motion to correct an illegal sentence. Under our state's sentencing guidelines, a defendant's presumptive prison sentence is determined by two factors—the severity of the offense and the level of the defendant's criminal history. Metcalf contends that his criminal-history score was miscalculated when he was sentenced in several separate criminal cases in 2001 and 2003. Specifically, he argues that the burglary and attempted-burglary adjudications he got as a juvenile should not have been counted as person offenses.

The issue is significant because person offenses are taken more seriously—and lead to a higher criminal-history score and a correspondingly lengthier presumptive prison sentence. If the defendant has three or more person-felony convictions, the defendant gets the most serious criminal-history score, an A. And that was the score Metcalf had when sentenced in each of several cases between 2001 and 2003. What he seeks is a resentencing, contending that his juvenile adjudications shouldn't have counted, which would have resulted in a criminal-history score lower than an A and thus a lesser presumptive sentence.

We will delay for the moment introducing the reasons Metcalf contends his juvenile adjudications shouldn't have been considered because the State suggests that even if Metcalf's juvenile adjudications are ignored when determining his criminal-history score, it wouldn't matter. The State cites the rule that the sentencing court must consider all convictions that occur before sentencing. See K.S.A. 2016 Supp. 21-6810(a), (d)(2); *State v. Patry*, 266 Kan. 108, 111, 967 P.2d 737 (1998); *State v. Hernandez*, 29 Kan. App. 2d 522, 524, 28 P.3d 1031 (2001); *State v. Riojas*, No. 115,348, 2017 WL 2610671, at *2 (Kan. App. 2017) (unpublished opinion). If Metcalf is resentenced now, the State argues, the sentencing court would still have to consider his four person-felony convictions received as an adult, all arising in the different criminal cases now before us on appeal:

- Case No. 00CR2747—burglary;
- Case No. 03CR1226—aggravated battery;
- Case No. 03CR1235—fleeing or attempting to elude a law-enforcement officer; and
- Case No. 03CR1236—aggravated robbery.

Metcalf is seeking a resentencing in each of these cases. Each of these listed offenses is a person felony offense.

Under the State's argument, even if we exclude Metcalf's juvenile adjudications altogether, he would still have four person-felony convictions overall—and when sentenced in each of the four cases, three of those could be considered for criminal-history purposes in each other case. Thus, he would still have an A criminal-history score. And there is caselaw to support the State's argument: When a defendant's criminal history score remains an A even if some challenged convictions weren't considered, our court has found arguments such as Metcalf's either moot (presenting no real issue) or unpersuasive because any error that was made would have been harmless. See, *e.g., State v. Parker*, No. 113,910, 2016 WL 3570470, at \*5-6 (Kan. App. 2016) (unpublished opinion).

But there is an exception to the rule that all convictions count: Convictions brought under the same criminal complaint or joined for trial with other counts aren't counted. See K.S.A. 2016 Supp. 21-6810(a). Each of the convictions we've noted came under a separate criminal complaint and only one (No. 03CR1236) was tried. But there was one consolidation order—and that consolidation order significantly affects our analysis.

On the same day that Metcalf pled guilty in case Nos. 03CR1226 and 03CR1235, the court entered an order consolidating those cases for the purpose of trial (even though, with a guilty plea in hand, no trial was to be held). By consolidating those two cases, there would be only two person-felony convictions (from case Nos. 00CR2747 and 03CR1236) from the 2000 to 2003 time period that would count as prior convictions at the sentencing in the now-consolidated case Nos. 03CR1226 and 03CR1235. So Metcalf could potentially gain a better presumptive sentence in that case, with a criminal-history score lower than "A," if his juvenile adjudications are ignored. We must proceed, then, to consider the argument Metcalf has made on appeal.

His primary claim, based on *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), is that the district court could not consider the juvenile adjudications at sentencing without violating Metcalf's right to have any facts that affect his penalty determined by a jury. In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Dickey*, our Supreme Court said that the sentencing court in that case couldn't count a burglary conviction as a person offense because the court would have had to take factual evidence to determine whether the burglary occurred in a dwelling (making it a person offense) or not. 301 Kan. at 1022, 1038-40.

But there's a key difference between *Dickey* and Metcalf's case. In *Dickey*, the prior burglary offense took place in 1992—*before* the Kansas burglary statute required a finding that the crime had been committed in a dwelling as an element of the offense. 301 Kan. at 1022, 1038-39. Metcalf's burglary convictions came from 1997 and 1998, and the presentence-investigation report tells us that all of the convictions came under K.S.A. 21-3715(a) (Furse 1995). From 1993 forward, K.S.A. 21-3715(a) required proof that the crime was committed in a dwelling as an element of the offense and specifically stated that a dwelling burglary was a person offense. So the district court needed to do no more than *Apprendi* explicitly allows—from the mere fact of the prior burglary or attempted burglary convictions, the court could determine that Metcalf's past offenses would have been person felonies had they been committed by an adult. And our present sentencing statutes say that such offenses are counted as person offenses. See K.S.A. 2016 Supp. 21-6811(d), (g).

Metcalf raises two other objections to the consideration of these juvenile adjudications, but neither is persuasive:

4

- Metcalf testified in the district court about what he said were discrepancies in the written court records establishing the juvenile adjudications. But the district court had those written records before it and concluded that they adequately documented the convictions. On appeal, Metcalf has not included those records for us to review, so we must presume the district court's ruling was correct. See *State v. Warren*, 302 Kan. 601, 616, 356 P.3d 396 (2015).

- Metcalf also suggests, based on his testimony that he didn't recall being present at some of the juvenile proceedings and that his brother's birthdate was listed on some records, that he may not have been present and accordingly wouldn't have had the benefit of legal advice before the adjudication took place. But once again, the district court had the written records before it, and the court found from those records that Metcalf was represented by an attorney in each case. The court separately found that it did not find credible Metcalf's testimony that he believed he hadn't been represented. And once again, without the records, we must presume the district court's ruling was correct.

We affirm the district court's judgment.